**Julie CHALMERS, Plaintiff-Appellee,**

**v.**

**CITY OF LOS ANGELES, a municipal corporation, Defendant-Appellant.**

**Nos. 82–6112, 83–6092 and 83–6535.**

United States Court of Appeals,
Ninth Circuit.

Feb. 2, 1987.

Marcia Haber Kamine, Deputy City Atty., Los Angeles, Cal., for the defendant-appellant.

---

John B. Murdock, Santa Monica, Cal., for the plaintiff-appellee.

Before WALLACE, TANG and SKOPIL, Circuit Judges.

## ORDER

The opinion filed August 15, 1986, published at 796 F.2d 1205, is amended as follows:

At page 1212, footnote 4 is amended to read as follows:

There is much confusion in the case law concerning contingent fees and contingent adjustments. *See, e.g., LaDuke v. Nelson,* 762 F.2d 1318, 1333 (9th Cir. 1985) (discussing circumstances justifying enhanced awards under Equal Access for Justice Act, 28 U.S.C. § 2412); *Moore v. Jas. H. Matthews & Co.,* 682 F.2d 830, 841 n. 16 (9th Cir.1982) (an enhanced fee due to the contingent nature of a fee arrangement may be justified; however, award should not automatically be increased because of risks associated with contingent fee arrangement); *Hamner v. Rios,* 769 F.2d at 1407 (the existence of a contingent fee arrangement is an element to consider in analyzing a fee petition); *Buxton v. Patel,* 595 F.2d at 1185 n. 3 (same). Despite the confusion in the case law, it should be noted that contingent adjustments are not the same as a contingency fee arrangement. Contingency fee arrangements, like the one at issue in this case, are arrangements where an attorney's fee is based on a percentage of the amount recovered by his client. Contingency adjustments are a percentage increase over and above the amount obtained by multiplying hours expended by hourly rate; contingency adjustments are specifically designed to reflect the risk that no fee may be obtained. *Blum,* 465 U.S. at 903 n. *, 104 S.Ct. at 1551 n. * (Brennan, J., concurring). In discussing possible bases for an enhanced award, the Supreme Court has made reference to contingent adjustments, not contingent fee contracts. Chalmers' counsel therefore miscon-

strued the significance of his contingent fee arrangement with his client when he argues that this arrangement provides an independent rationale for application of a multiplier.

The panel constituted above has voted to deny the petition for rehearing and to reject the suggestion for rehearing en banc.

The full court has been advised of the suggestion for rehearing en banc, and no judge of the court has requested a vote on the suggestion for rehearing en banc. Fed. R.App.P. 35(b).

The petition for rehearing is denied, and the suggestion for rehearing en banc is rejected.