CITY OF FREDERICKTOWN,
Plaintiff–Appellant,

v.

Stanley Warren BELL,
Defendant–Respondent.

No. 53497.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Nov. 8, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 14, 1988.

Application to Transfer Denied
Jan. 17, 1989.

Kenneth W. Shrum, Pros. Atty., Marble Hill, Gary Albert Kamp, Pros. Atty., Cape Girardeau, for plaintiff-appellant.

Lawrence N. Koeln, Private Atty., Centerville, for defendant-respondent.

DOWD, Presiding Judge.

The City of Fredericktown appeals the trial judge's adverse judgment on a charge of driving while intoxicated in violation of city ordinance 14–22e. Affirmed.

On September 19, 1986, Officer Michael McClellan, Assistant Chief of Police of Fredericktown, observed respondent, Bell, operating a motor vehicle in an erratic manner within the city limits. After following and observing respondent, Officer McClellan attempted to stop respondent by activating the red lights on the roof of his police car and later by using his siren and spotlight. Respondent continued driving from three to five tenths of a mile after the lights were activated, finally stopping his vehicle approximately one tenth of a mile outside the city limits. At this point, Officer McClellan arrested respondent for driving while intoxicated.

On the date of the hearing, respondent's attorney made a motion to suppress all evidence incident to the arrest including the tests for blood alcohol content. He argued that Officer McClellan lacked the authority to make an arrest outside city limits. The city's attorney felt that the officer was authorized to make this arrest because the offense took place in the officer's presence and pursuit began within city limits. The judge held that the arrest was made without authority based on *City of Advance v. Maryland Casualty Co.*, 302 S.W.2d 28 (Mo.1957) and *State v. Maxey*, 661 S.W.2d 641 (Mo.App.1983). The court then found respondent not guilty based on lack of evidence and the city appeals this decision.

█ The sole point on appeal is whether the court correctly applied *Advance* to hold that a police officer of a fourth class city may not effect an arrest outside city limits

when the officer observed the offense and pursuit began within the city limits. Appellant argues that such arrests are valid on the basis of sections 85.610 and 544.216, RSMo 1986, which grant municipal officers the authority to make warrantless arrests in certain situations. Appellant distinguishes *Advance* and its progeny, including *Maxey*, on the grounds that they did not involve attempts to arrest which began pursuant to fresh pursuit within city limits and reasons that applying *Advance* to such situations would allow offenders to escape punishment for motor vehicle violations by simply refusing to stop inside city limits.

While we are sympathetic to the City's position, we must agree with the trial judge that the law simply does not confer authority to arrest in this situation. *Advance* is the seminal case holding that "police officers [of cities of the fourth class] have no official power to apprehend offenders beyond the boundaries of their municipality." 302 S.W.2d at 31–32. This decision is based on a reading of section 85.610[1] under the belief that it should be narrowly construed to avoid the possibility of serious abuse. *Id.* at 32. Section 85.610 provides that marshalls of cities of the fourth class have the power to "make arrests without process, in all cases in which any offenses against the laws of the city or of the state shall be committed in his presence."

Admittedly, *Advance* does not involve a situation of fresh pursuit beginning within city limits, but we find *Hacker v. City of Potosi*, 351 S.W.2d 760 (Mo. banc 1961), to be instructive on that issue. There, the court addressed the question of whether a police officer was entitled to workers' compensation when he was injured outside of the city limits while pursuing a suspect who had run a red light within city limits. Based on *Advance*, the court held that the officer had no authority to make a non-felony arrest outside city limits in that situation. *Id.* at 761. The Supreme Court reversed the appellate decision, *Hacker v. City of Potosi*, 340 S.W.2d 166 (Mo.App.

1. The original version of section 85.610 was enacted in 1939 under a different number but with substantially the same terminology.

1960), but did not overrule the appellate court's discussion of the arrest issue. The appellate court found that there was no doctrine of fresh pursuit for violations of ordinances of a city of the fourth class. *Id.* at 171. This decision was based on *Rodgers v. Schroeder,* 220 Mo.App. 575, 287 S.W. 861 (1926), a case where a suspect observed exceeding the fifteen mile per hour speed limit and failing to stop at an intersection attempted to resist arrest by fleeing outside city limits. *Advance* was also based on *Rodgers.* 302 S.W.2d at 32.

■ The above cases demonstrate that it has long been the law in Missouri that section 85.610 and its predecessors do not grant an officer authority to make an extra-jurisdictional arrest of a person seen violating an ordinance even if that person leaves the jurisdiction in an attempt to avoid arrest. Appellant also argues, however, that section 544.216, promulgated in 1983, does grant this authority. That law provides:

> Any sheriff or deputy sheriff, any member of the Missouri state highway patrol, and any county or municipal law enforcement officer in this state, except those officers of a political subdivision or municipality having a population of less than two thousand persons or which does not have at least four full-time nonelected peace officers unless such subdivision or municipality has elected to come under and is operating under the provisions of sections 590.100 to 590.150, RSMo, *may arrest on view, and without a warrant, any person he sees violating or who he has reasonable grounds to believe has violated any law of this state, including a misdemeanor, or has violated any ordinance over which such officer has jurisdiction.* The power of arrest authorized by this section is in addition to all other powers conferred upon law enforcement officers, and shall not be construed so as to limit or restrict any other power of a law enforcement officer. (emphasis added)

This section only increases an officer's power of warrantless arrest to include both offenses committed in his presence and those which he has reasonable grounds to believe have been committed. There is no express indication that this statute was intended to override the *Advance* line of cases and to authorize extra-jurisdictional arrests.

Even ignoring the judicial reluctance to grant implicit meaning to statutes, *Wilkinson v. Brune,* 682 S.W.2d 107, 111 (Mo. App.1984), we cannot read section 544.216 as impliedly requiring the above conclusion due to section 544.157, RSMo 1986. That law specifically authorizes extra-jurisdictional arrests only in cases of hot pursuit by officers "of a county of the first class having a charter form of government or a peace officer of any political subdivision located in such a county." This does not apply to the City of Fredericktown. Statutes relating to the same subject matter must be construed together to harmonize and so as to give meaning to all the provisions of each. *State ex rel. Lebeau v. Kelly,* 697 S.W.2d 312, 315 (Mo.App.1985). If we were to give section 544.216 the meaning appellant requests, we would nullify the need for section 544.157. Also, section 544.157 indicates that the legislature knows how to create the authority to execute extra-jurisdictional arrests. The fact that the legislature omitted the language of this 1965 statute from the 1983 law indicates that they did not intend section 544.216 to confer such authority. *See Martin v. State Farm Mut. Auto. Ins. Co.,* 755 S.W.2d 638, 640 (1988).

In the absence of a clear expression of legislative intent, we must hold that peace officers of cities of the fourth class do not have the power to make extra-jurisdictional arrests absent application of section 544.157. Judgment affirmed.

PUDLOWSKI, C.J., and KAROHL, J., concur.