STATE of Missouri, Respondent,

v.

Glen Hiram HELM, Appellant.

No. WD 41008.

Missouri Court of Appeals,
Western District.

May 16, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 27, 1989.

Application to Transfer Denied
Aug. 1, 1989.

Roy W. Brown, Kearney, for appellant.

Hugh Craig Harvey, Marshall, for respondent.

Before TURNAGE, P.J., and CLARK
and FENNER, JJ.

FENNER, Judge.

Appellant, Glen H. Helm, appeals his convictions for driving while intoxicated and driving while his license was revoked.

Appellant was arrested on August 15, 1987, at approximately 2:30 a.m., by Chief William Hall, Chief of Police of the City of Slater, Missouri, for the beforementioned offenses. At the time of appellant's arrest, Officer Melvin Mullins of the Slater Police Department was riding in the patrol car with Chief Hall and they were both on duty and working within the scope and course of their employment with the City of Slater. However, because of a longstanding cooperative agreement between the Slater Police Department and the Sheriff's Department of Saline County, which dated back to at least 1978, Hall and Mullins were patrolling the area in question which is outside the city limits of Slater. While traveling east, about a quarter mile outside the city limits, the officers encountered a motor vehicle traveling in the opposite direction without headlights operating and the vehicle was traveling in the Officers' lane of traffic. Chief Hall swerved to avoid a head-on collision. The officers recognized the driver of the vehicle as appellant.

Chief Hall turned the patrol car around to follow appellant intending to stop him. Before Chief Hall turned on the patrol car's red lights, appellant stopped his vehicle, "jumped out, grabbed the keys, threw them in his back pocket, and started to take off running." Chief Hall exited his vehicle and ordered appellant to stop and return to the scene; Helm responded by stopping, turning around and walking to the area where Hall was waiting. As appellant approached the officers, they observed him staggering. As appellant arrived at where the officers were, he spoke to the officers slurring his words. The officers observed appellant's face to be flushed and his eyes watery. Chief Hall smelled a very strong odor of "intoxicants" on appellant's breath. Appellant spoke to the officers saying, "Can't you give me a break? I was just going home." Chief Hall advised appellant that he could not be permitted to drive because he was intoxi-

cated and then placed him under arrest for driving while intoxicated and driving while his license was revoked.

Chief Hall testified that he arrested appellant pursuant to his county commission as a Saline County Deputy Sheriff. After giving appellant his Miranda warnings, Chief Hall contacted the Saline County Sheriff's Department to request their direction on where the appellant should be taken.

Chief Hall began his employment with the City of Slater in 1983 and received his deputy sheriff commission in 1984. Chief Hall is not on the payroll of the Sheriff's Department of Saline County nor does he receive any financial remuneration for being a deputy sheriff. Slater, Missouri is a third class city and Saline County is a second class county as defined under Missouri law.

In his first point on appeal, appellant argues that his arrest was unlawful because Chief Hall was outside the city limits of Slater, Missouri, and thus was without legal authority to make the arrest. Appellant argues further that although Chief Hall had a deputy sheriff's commission, it was not valid and therefore, did not confer authority on him to make arrests outside of the Slater city limits.

In *City of Advance v. Maryland Casualty Co.*, 302 S.W.2d 28, 31 (Mo.1957), the Missouri Supreme Court held that "in the absence of statute, municipal police officers have no official power to apprehend offenders beyond the boundaries of their municipality." Although the facts in *City of Advance* involved an officer of a fourth class city the court cited with approval the case of *Rodgers v. Schroeder*, 220 Mo.App. 575, 287 S.W. 861 (1926), which held that an officer of a third class city did not have authority to apprehend offenders beyond the boundaries of their municipalities. The statutes in question in *Rodgers*, which set forth the powers of officers in third class cities at the time, have since been repealed

but they were essentially the same as the current statute. Section 85.561 [1] is the current statute which sets forth the powers and duties of police officers in third class cities and it does not authorize such officers to effect arrests outside of the city limits.

Appellant is correct to the extent he argues that Chief Hall as a member of the police department of a third class city does not have power to effect an arrest outside the city limits. However, appellant is incorrect in arguing that Chief Hall's deputy sheriff's commission was invalid and did not confer authority on him to make arrests outside of the Slater city limits.

Section 57.220 authorizes the sheriff in a second class county to appoint deputies.[2] The statute provides as follows:

"The sheriff, in a county of the second class, shall be entitled to such a number of deputies as a majority of the circuit judges of the circuit court shall deem necessary for the prompt and proper discharge of the duties of his office; provided, however, such number of deputies appointed by the sheriff shall not be less than one chief deputy sheriff and one additional deputy for each five thousand inhabitants of the county according to the last decennial census. Such deputies shall be appointed by the sheriff, but no appointment shall become effective until approved by a majority of the circuit judges of the circuit court of the county. A majority of the circuit judges of the circuit court, by agreement with the sheriff, shall fix the salaries of such deputies. A statement of the number of deputies allowed the sheriff, and their compensation, together with the approval of any appointment by such judges of the circuit court, shall be in writing and signed by them and filed by the sheriff with the county commission."

The deputy sheriff's commission that was issued to Chief Hall in the case at bar

---

1. All statutory references herein are to RSMo 1986 unless otherwise specifically stated.

2. Pursuant to Section 57.221, RSMo Supp.1988, any county that becomes a second class county

after September 28, 1987, will continue to appoint deputy sheriffs in the manner provided for third class counties rather than pursuant to Section 57.220.

was approved by the circuit court as required by statute and appellant does not argue this point. Appellant argues that Section 57.220, read together with Section 57.240, establishes that a deputy sheriff is an employee of the sheriff.

Section 57.240 provides as follows:

"The sheriff, in counties of the second class, may employ, in addition to the deputies authorized, such other employees, with the approval of the county commission, as may be necessary to the efficient operation of his office and the performance of the duties imposed upon him by law. The salary of any person, so employed, shall be fixed by the sheriff, with the approval of the county commission."

Appellant argues further that, as an employee, a deputy sheriff is entitled to receive some compensation for services and otherwise an individual's appointment as a deputy sheriff is not in compliance with Sections 57.220 and 57.240. Appellant argues that unless a deputy sheriff receives compensation, he is not an employee, his appointment is merely honorary and he is not authorized to effect arrests.

First of all, neither Section 57.220 or 57.240 require that a deputy sheriff receive compensation, the statutes merely allow for the same. Secondly, the test for an employment relationship is whether the hypothetical employer is entitled to exercise control over the hypothetical employee. *Farmers and Merchants Ins. Co. v. Smith*, 742 S.W.2d 217, 219 (Mo.App.1987). The fact that one's work for another is uncompensated does not remove him from the "employed" category. *Id.*

Appellant argues additionally in support of his first point that Chief Hall could not be both a member of the Slater Police Department and a Deputy Sheriff for Saline County because the two positions can involve a conflict of interest. The potential for a conflict of interest in and of itself does not necessarily disqualify a public official from holding an office or undertaking an official duty. It is the extent and reality of a conflict that must be considered based upon any applicable law and the facts and circumstances of a given situation. In the case at bar, Chief Hall placed the appellant under arrest pursuant to his authority as a deputy sheriff and then contacted the sheriff's office for their directions on how the matter was to be handled. There was no conflict of interest in the manner in which Chief Hall effected appellant's arrest, and he was acting under the authority of a valid deputy sheriff's commission. Chief Hall's actions confirmed that in arresting appellant he acknowledged that his authority was subject to the control of the sheriff.

Appellant's first point is denied.

In his second point on appeal, appellant argues that since his arrest was unlawful, all of the evidence of his intoxication and the fact that his driver's license was revoked, should have been suppressed pursuant to his motion for the same.

In light of this court's holding under point one herein to the effect that appellant's arrest was lawful, appellant's second point fails.

The judgment of the trial court is affirmed.