STATE of Missouri, Respondent,

v.

David G. FAULHABER, Appellant.

No. 56199.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 7, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 12, 1989.

Application to Transfer Denied
Feb. 13, 1990.

Kathryn P. Taylor, St. Louis, for appellant.

George R. "Buzz" Westfall, Pros. Atty., Anthony K. Conroy, Asst. Pros. Atty., St. Louis, for respondent.

CRIST, Judge.

David G. Faulhaber, defendant, appeals from the bench-trial convictions of the traffic offenses of speeding, failure to stop for two stop signs and driving while intoxicated. We affirm.

Defendant appeals alleging his arrest was unlawful because he was arrested by an officer outside her jurisdiction and there was insufficient evidence to convict him of driving while intoxicated.

We review the State's evidence as true together with all reasonable inferences drawn therefrom and all contrary evidence and inferences are disregarded. *State v. McHaffie*, 762 S.W.2d 875, 877[2] (Mo.App. 1989). The trier of fact may believe all, part or none of the testimony of a witness. *Id.* The trial court resolves conflicts or inconsistencies in conflicting versions of events and its decisions on the issue of credibility are binding on appeal. *Id.*

On June 6, 1988 at 3:49 a.m., City of Shrewsbury Police Officer Fishman (officer) was parked at the corner of Shrewsbury Avenue and Sutherland Avenue. Officer observed a gray pickup truck approach the intersection at a high rate of speed. She activated her radar unit which indicated the vehicle was traveling 12 miles over the 30 mile per hour speed limit. While still parked, officer also observed the vehicle pass through a stop sign without stopping. Officer activated her emergency equipment (red lights and siren) on her police vehicle and began following the vehicle. While following the vehicle approximately two to three car lengths behind, officer observed the vehicle pass through another stop sign without stopping. The vehicle approached Big Bend Boulevard and turned right entering the City of Maplewood. Shortly thereafter the vehicle pulled over and stopped.

Officer pulled over behind the vehicle, got out of her police car, approached defendant's vehicle and asked defendant to produce his driver's license. After fumbling with his wallet, defendant opened the car door and the wallet fell to the ground. Officer testified she noticed a very strong odor associated with alcohol on defendant's breath, his speech was very slurred, he was difficult to understand and was "thick-tongued." Officer asked defendant to perform three field sobriety tests, all of which defendant "flunked." Officer asked defendant to recite his ABC's; however, defendant could not get past F. Officer asked defendant to place his fingers on his nose; however, he placed both fingers on his mouth. Officer asked defendant to take four steps forward, pivot and take five steps back; however, he stumbled and swayed and couldn't turn around.

At this point, officer placed defendant under arrest and conveyed him to Shrewsbury Police Station. Defendant was asked to submit to a chemical analysis of his breath but refused. At trial, defendant was convicted of speeding, failing to stop at two stop signs and driving while intoxicated.

Defendant alleges officer's arrest of him was outside her jurisdiction and therefore unlawful.

 It is a general rule, in absence of statute, municipal police officers have no official power to apprehend offenders beyond the boundaries of their municipality. *City of Advance v. Maryland Casualty Company*, 302 S.W.2d 28, 31–32[1] (Mo.

1957). Here, however, § 544.157, RSMo 1986 (all further RSMo references are to 1986) authorized the arrest of defendant in the City of Maplewood for violation of municipal or county ordinances within the City of Shrewsbury.

Section 544.157 states in part:

1. Any peace officer of a county of the first class having a charter form of government or political subdivision located in such a county in hot pursuit of a person who is reasonably believed ... to have committed ... in the presence of such officer, any criminal offense or violation of a municipal or county ordinance ... shall have authority to arrest and hold in custody any such person....

\* \* \* \* \* \*

3. The term 'hot pursuit' ... shall include... the pursuit of a person who has committed ... a criminal offense or violation of municipal or county ordinance in the presence of the arresting officer.... 'Hot pursuit' ... shall not necessarily imply instant pursuit but pursuit without unreasonable delay.

The evidence reveals officer observed defendant commit traffic violations (speeding and failure to stop at a stop sign) within the City of Shrewsbury. Officer pursued defendant's vehicle with her emergency equipment activated at a length of two to three car lengths for over a half of a mile. While in pursuit of defendant and still within the City of Shrewsbury, officer witnessed defendant's failure to stop at another stop sign. Defendant eventually pulled over in the City of Maplewood where defendant was placed under arrest.

The City of Shrewsbury is a political subdivision located in a county of the first class having a charter form of government, St. Louis County. Officer is a peace officer of the City of Shrewsbury. Officer observed defendant committing violations of municipal or county ordinances within the City of Shrewsbury. Officer pursued defendant without unreasonable delay until he was apprehended in the City of Maplewood.

There was substantial evidence officer pursued defendant's vehicle without unreasonable delay after she observed defendant violate municipal or county ordinances within the City of Shrewsbury and thus could properly arrest defendant in the City of Maplewood. See *City of Fredericktown v. Bill*, 761 S.W.2d 715, 717[2] (Mo.App. 1988) (section 544.157 specifically authorizes extra-judicial arrests in cases of hot pursuit by officers of a county of the first class having a charter form of government or a peace officer of any political subdivision located in such a county). This point is denied.

■ Defendant also alleges there was insufficient evidence to warrant his conviction of driving while intoxicated. In reviewing this point, our function is not to weigh the evidence but to determine whether the evidence is sufficient to support the conviction. *State v. Noerper*, 674 S.W.2d 100, 104[4] (Mo.App.1984).

Officer observed defendant commit the traffic violations of speeding and failing to stop at a stop sign. She pursued defendant with her emergency equipment activated for over a half of a mile. While pursuing defendant, defendant's vehicle failed to stop at another stop sign. Defendant eventually pulled over and officer approached him. She smelled a strong odor of alcohol on defendant's breath and his speech was slurred. He was unable to produce his driver's license from his wallet. He "flunked" the three field sobriety tests officer asked him to perform. Officer testified it was her opinion defendant was intoxicated at the time of the arrest. Defendant refused to submit to a chemical analysis of his breath following his arrest. There was substantial evidence to support a conviction of driving while intoxicated. *State v. O'Toole*, 673 S.W.2d 25, 27[5] (Mo. banc 1984); *State v. McHaffie*, 762 S.W.2d at 877–878[2]; *State v. Palmer*, 606 S.W.2d 207, 208[1, 2] (Mo.App.1980). This point is denied.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.