Branson L. Wood III Marion County Prosecuting Attorney Post Office Box 1014 Hannibal, Missouri 63401
Dear Mr. Wood:
This opinion is in response to your question asking:
 Can Marion County, Missouri, through its governing body of commissioners, enter into a mutual aid agreement to contract and cooperate with the City of Quincy, Illinois, through the Quincy City Council for the Marion County Sheriff's Department and Quincy Police Department to mutually respond to non-emergency situations with the same powers of arrest as the officers of the requesting political subdivision within the territorial limits of Marion County, Missouri, and within the city limits of Quincy, Illinois, under Article 6
Missouri Constitution, Section 16 and Section 70.220 RSMo 1986 or does Section 70.815 RSMo 1986 prohibit such interstate mutual aid agreement for law enforcement services by specifically defining political subdivision as an agency or unit of this
state?
The resolution of this question depends upon the interpretation of two statutes dealing with the cooperation of one political subdivision with other political subdivisions.
Section 70.815, RSMo Supp. 1989, provides:
 70.815. Political subdivisions and boards of police commissioners of St. Louis and Kansas City may contract to provide police services for other political subdivisions — powers of arrest and immunity — definitions. — 1. As used in this section:
 (1) "Governing body" means the board, body, council, or persons in which the powers of a political subdivision as a body corporate, or otherwise, are vested;
 (2) "Political subdivision" means any agency or unit of this state
empowered by law to maintain a law enforcement agency.
 2. The governing body of any political subdivision may by ordinance, order or other ruling enter into a contract or agreement with any other political subdivision, with the board of police established by section 84.020, RSMo, or with the board of police commissioners established by section 84.350, RSMo, for the provision of police services by one political subdivision to another on request. The scope of the agreement may be general or specific, and may or may not provide for compensation for such services. Officers providing police services in another jurisdiction pursuant to such an agreement shall have the same powers of arrest as officers of the requesting political subdivision, and shall have the same immunity as if acting within their own jurisdiction. [Emphasis added.]
By its clear language, this statute limits these types of agreements to law enforcement agencies within the State of Missouri.
Article VI, Section 16 of the Missouri Constitution provides:
 Section 16. Cooperation by local governments with other governmental units. Any municipality or political subdivision of this state may contract and cooperate with other municipalities or political subdivisions thereof, or with other states or their municipalities or political subdivisions, or with the United States, for the planning, development, construction, acquisition or operation of any public improvement or facility, or for a common service, in the manner provided by law.
Section 70.220, RSMo 1986, provides:
 70.220. Political subdivisions may cooperate with each other, with other states, the United States or private person. — Any municipality or political subdivision of this state, as herein defined, may contract and cooperate with any other municipality or political subdivision, or with an elective or appointive official thereof, or with a duly authorized agency of the United States, or of this state, or with other states or their municipalities or political subdivisions, or with any private person, firm, association or corporation, for the planning, development, construction, acquisition or operation of any public improvement or facility, or for a common service; provided, that the subject and purposes of any such contract or cooperative action made and entered into by such municipality or political subdivision shall be within the scope of the powers of such municipality or political subdivision. If such contract or cooperative action shall be entered into between a municipality or political subdivision and an elective or appointive official of another municipality or political subdivision, said contract or cooperative action must be approved by the governing body of the unit of government in which such elective or appointive official resides.
Article VI, Section 16 of the Missouri Constitution confers broad authority on political subdivisions to contract with the political subdivisions of other states for a wide range of services. Likewise, Section 70.220 provides broad authority for political subdivisions to enter into agreements with other political subdivisions, in or out of Missouri. In Missouri Attorney General Opinion No. 213, Cantrell, 1963, a copy of which is enclosed, this office concluded that Article VI, Section 16 includes the authority to contract for police services.
Ascertainment of legislative intent is the primary goal of statutory construction. O'Flaherty v. State Tax Commission ofMissouri, 680 S.W.2d 153, 155 (Mo. banc, 1984). Statutes relating to the same subject are to be considered together and harmonized if possible so as to give meaning to all provisions of each. State ex rel. Lebeau v. Kelly, 697 S.W.2d 312, 315
(Mo.App. 1985). With these principles in mind it is our task to read Sections 70.220 and 70.815 together and to harmonize them if possible. In this case, harmonizing those two statutes is not difficult because no conflict appears between the language in the statutes.
Section 70.815 is not a limitation on the broad power in Section 70.220 but clearly was intended as one means of facilitating agreements between political subdivisions for police services. Under Missouri law, a police officer in a particular jurisdiction has no inherent authority to go into another jurisdiction to enforce the criminal laws of this state. City of Fredericktown v. Bell, 761 S.W.2d 715
(Mo.App. 1988). Section 70.815 is simply one means of dealing with that limitation by allowing one political subdivision to confer police authority to members of the law enforcement agency of another Missouri political subdivision. Nothing in that statute suggests that it is the exclusive means of entering into cooperative agreements with other entities or that it is the only means of conferring police authority on members of another law enforcement agency. In fact, the courts of Missouri do recognize other means of conferring law enforcement authority other than that provided in Section 70.815. State v. Helm,773 S.W.2d 139 (Mo.App. 1989). Interpreting Section 70.220 to allow cooperative agreements for police services in addition to those provided in Section 70.815 harmonizes both statutes and gives effect to the express language in both statutes.
However, it is important to note that Missouri political subdivisions have no inherent authority to allow out of state police officers to exercise police authority within the State of Missouri, or even within their own geographic boundaries. In other words, Marion County cannot simply grant "permission" to members of the Quincy, Illinois, police department to come into Missouri and exercise police authority. Section 70.815
recognizes this lack of inherent authority and was enacted specifically to grant Missouri political subdivisions that authority but only to members of the law enforcement agency of other Missouri political subdivisions. The only authority for out of state police officers to enter the State of Missouri and exercise police authority as an out of state officer is when the officer enters Missouri in the "fresh pursuit" of a felon. Section 544.155, RSMo 1986. Should Marion County or some other political subdivision of Missouri enter into a mutual aid or cooperative agreement with a political subdivision located outside the State of Missouri, the conferring of police authority upon members of the law enforcement agency of the out of state political subdivision would have to be in the same manner that the Missouri political subdivision confers authority upon its own officers, by commissioning those members. Statev. Helm, supra.
 CONCLUSION
It is the opinion of this office that political subdivisions within the State of Missouri may enter into mutual aid or cooperative agreements relating to police services with political subdivisions of another state; however, there is no authority for the Missouri political subdivision to confer police authority upon members of the law enforcement agency of the political subdivision located outside the State of Missouri except by commissioning those members.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Attorney General Opinion No. 213, Cantrell, 1963