Robert E. **KIMBER**, Appellant,

v.

**DIRECTOR OF REVENUE**, Respondent.

No. **WD 43943.**

Missouri Court of Appeals,
Western District.

Sept. 24, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 29, 1991.

Peter J. Koppe, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent.

Before FENNER, P.J., and LOWENSTEIN, C.J., and ULRICH, J.

ULRICH, Judge.

Robert E. Kimber appeals from the circuit court's judgment affirming suspension of his Missouri driver's license by the Director of Revenue. The thirty-day suspension was effected pursuant to §§ 302.500–.540, RSMo 1986.[1] Mr. Kimber maintains on appeal that the circuit court erred by admitting evidence of his arrest and the subsequent breathalyzer test results because, he claims, his arrest was illegal. The judgment is affirmed.

Mr. Kimber asserts two points in support of the contention that his arrest was illegal. He claims that (1) the police officer who arrested him did not have requisite probable cause, and (2) the arrest was made by a police officer of a fourth class city beyond

---

**1.** All Missouri statutes cited within this opinion are RSMo 1986.

the city's territorial jurisdiction and, therefore, was invalid.

On January 17, 1990, a Riverside police officer observed Mr. Kimber's vehicle drive off a Riverside city street and onto the shoulder of the street. The officer pursued Mr. Kimber's vehicle in the vehicle she was driving. While in pursuit, the police officer observed Mr. Kimber's vehicle cross the street's center line. At that point, the officer activated the police car's emergency equipment in her attempt to stop Mr. Kimber's vehicle. This all occurred within the city of Riverside, a city of the fourth class. Mr. Kimber continued to drive his vehicle, with the officer following, to a point just outside the Riverside city limits where he stopped and exited his vehicle.

The officer observed Mr. Kimber have difficulty exiting his vehicle and maintaining his balance. She also observed that Mr. Kimber's eyes were bloodshot and dilated, and the officer detected the strong odor of alcohol on Mr. Kimber's breath. The police officer required Mr. Kimber to perform field sobriety tests. Mr. Kimber failed the tests. Mr. Kimber stated to the officer that he had consumed two or three beers. The officer then informed Mr. Kimber that he could choose either to have her call for a Kansas City, Missouri, police officer to proceed to the scene and arrest him, or he could accompany her to the Riverside Police Station. Mr. Kimber elected to proceed to the Riverside Police Station in the vehicle driven by the officer.

At the police station, the officer informed Mr. Kimber of his rights and asked if he would agree to take a breathalyzer test, which he did. The officer was properly trained to operate the Alco–Analyzer 2000, which measures an individual's blood alcohol content. The officer conducted the breathalyzer test of Mr. Kimber, and the machine performed properly. The breathalyzer test indicated that Mr. Kimber had a blood alcohol content of .13 percent.

Pursuant to § 302.505.1,[2] Mr. Kimber's license was suspended. Mr. Kimber requested an administrative hearing in accordance with § 302.530.1.[3] Following the hearing, the hearing officer sustained Mr. Kimber's driver's license suspension.

Mr. Kimber petitioned the Platte County Circuit Court for de novo review of the suspension, as prescribed by § 302.535.1.[4] After hearing the evidence of the arrest and the results of the subsequent breath analysis, over Mr. Kimber's objections, the circuit court determined that, based upon a preponderance of the evidence, probable cause existed to arrest Mr. Kimber, and Mr. Kimber was operating a motor vehicle while the alcohol concentration in his blood was 0.13 percent. The court accordingly authorized suspension of Mr. Kimber's driver's license.

■ The circuit court's judgment is reviewed according to the standards prescribed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). The circuit court's decision on appeal will be affirmed unless there is no substantial evidence to support

2. Section 302.505.1 states:

The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in the person's blood or breath was thirteen-hundredths of one percent or more by weight of alcohol in his blood, based on the definition of alcohol concentration in section 302.500.

3. Section 302.530.1 states:

Any person who has received a notice of suspension or revocation may make a request within fifteen days of receipt of the notice for a review of the department's determination at a hearing. If the person's driver's license has not been previously surrendered, it must be surrendered at the time the request for a hearing is made.

4. Section 302.535.1 states:

Any person aggrieved by a decision of the department may file a petition for trial de novo by the circuit court. The burden of proof shall be on the state to adduce the evidence. Such trial shall be conducted pursuant to the Missouri rules of civil procedure and not as an appeal of an administrative decision pursuant to chapter 536, RSMo. The petition shall be filed in the circuit court of the county where the arrest occurred. The case shall be decided by the judge sitting without a jury. The presiding judge of the circuit court may assign a circuit judge or an associate circuit judge to hear such petition.

it, unless the decision is contrary to the weight of the evidence, or unless the circuit court erroneously declares or misapplies the law. *Id.* *See also James v. Director of Revenue,* 767 S.W.2d 604, 609 (Mo.App. 1989). This court reviews the evidence supporting the circuit court's judgment, as well as all reasonable inferences drawn from such evidence, as true. *State v. Faulhaber,* 782 S.W.2d 687, 688 (Mo.App. 1989). Any evidence or inferences that are contrary to the circuit court's judgment are disregarded. *Id.*

## I.

■ Mr. Kimber contends that the Riverside police officer did not have probable cause to arrest him. The circuit court's determination that probable cause existed to stop and arrest Mr. Kimber will not be disturbed on appeal if substantial evidence supports the trial court's determination. *James,* 767 S.W.2d at 609. "In determining if there is substantial evidence, [appellate courts will] defer to the ability of the trial court to ascertain the facts and to judge the credibility of witnesses." *Thurmond v. Director of Revenue,* 759 S.W.2d 898, 899 (Mo.App.1988). Great deference is given to the trial court's decision and the trial court is provided wide discretion to make its determination, even if there is evidence which would produce a contrary decision. *Id.*

■ The evidence supports the circuit court's conclusion that the Riverside police officer had probable cause to stop Mr. Kimber. The officer observed Mr. Kimber drive off of the road and onto the shoulder within the Riverside city limit. Then, after following Mr. Kimber, the officer observed Mr. Kimber drive his vehicle across the center line of the road, at which time the officer activated her vehicle's emergency equipment. However, Mr. Kimber did not immediately stop. He continued to drive his vehicle to a point just outside the city's limit where the vehicle stopped. Approaching Mr. Kimber, the officer detected a strong odor of alcohol and observed Mr. Kimber's bloodshot eyes. Mr. Kimber walked with difficulty, and he failed several field sobriety tests. The totality of the evidence demonstrates that the police officer had probable cause to make the arrest since she observed Mr. Kimber operate his vehicle in an illegal or unusual manner and exhibit other indicia of intoxication. *Morris v. Department of Revenue,* 800 S.W.2d 806, 808 (Mo.App.1990).

■ Mr. Kimber argues that the police officer failed to remember certain facts upon cross-examination, thereby indicating her lack of credibility. Credibility of witnesses is within the trial court's purview as the trier of fact. *Faulhaber,* 782 S.W.2d at 688. "The trial court resolves conflicts or inconsistencies in conflicting versions of events and its decisions on the issue of credibility are binding on appeal." *Id.* The trial court found the police officer's testimony credible, and the record illustrates facts supporting the circuit court's determination that probable cause existed. Mr. Kimber's first point is denied.

## II.

■ Mr. Kimber contends that his arrest was illegal because the police officer stopped him outside the city limits of Riverside, a fourth class city. Both the police officer and Mr. Kimber agree that Mr. Kimber stopped his vehicle within the city limits of Kansas City. The police officer was in uniform, wearing her badge and gun, and she was operating a Riverside police car with the emergency equipment activated. The police officer made Mr. Kimber perform several sobriety tests, which he failed, and the officer concluded that Mr. Kimber was intoxicated. The officer then informed Mr. Kimber that he could choose to have her call the Kansas City Police Department to come arrest him, or he could accompany her back to the Riverside Police Station. Mr. Kimber chose to go with the officer in her police car to the Riverside Police Station. The totality of the facts indicate that Mr. Kimber was arrested in Kansas City, Missouri. *State v. Neher,* 726 S.W.2d 362, 364 (Mo. App.1987), *cert. denied,* 484 U.S. 848, 108 S.Ct. 146, 98 L.Ed.2d 102 (1987).

The law in Missouri is conclusive that an officer of a fourth class city may not effectuate an arrest beyond the territorial boundaries of the city. *City of Advance v. Maryland Casualty Co.*, 302 S.W.2d 28, 32 (Mo.1957). *See also City of Fredericktown v. Bell*, 761 S.W.2d 715, 716–17 (Mo.App.1988). A police officer of a fourth class city may not stop and arrest an individual beyond the city's limits, even if the officer unsuccessfully attempts to stop the suspect within the city's territorial jurisdiction. *Bell*, 761 S.W.2d at 716–17.

The court in *Bell* dealt with facts similar to the present appeal. *Id.* at 716. In *Bell*, a police officer of Fredericktown, a city of the fourth class, observed a motorist drive in an erratic fashion within the city limits. *Id.* Upon engaging his emergency equipment within the city, the police officer pursued the motorist to a point just outside Fredericktown. *Id.* After noticing that the driver was intoxicated, the officer placed him under arrest. *Id.* The *Bell* court noted that no statutes allowed the officer to make an extrajurisdictional arrest. *Id.* at 717. Furthermore, the court recognized that Missouri courts have always limited the authority of an officer of a fourth class city to make an arrest without an arrest warrant in nonfelony cases only within the city's limits. *Id.* at 716–17. *See also Hacker v. City of Potosi*, 351 S.W.2d 760, 761 (Mo.banc 1961); *Neher*, 726 S.W.2d at 363–64; *State v. Maxey*, 661 S.W.2d 641, 642 (Mo.App.1983). Accordingly, the *Bell* court held the arrest to be illegal. *Id.*

Following the reasoning in the *Advance* and *Bell* decisions, the arrest by the Riverside police officer was illegal.

### III.

Mr. Kimber argues on appeal that since the arrest was illegal, evidence relating to it, as well as any subsequent evidence stemming from the illegal arrest, such as the breath analyzer results, were inadmissible based upon the exclusionary rule. *United States v. White*, 746 F.2d 426, 428 (8th Cir.1984), *cert. denied*, 471 U.S. 1015, 105 S.Ct. 2018, 85 L.Ed.2d 300 (1985). Missouri courts recognize the inapplicability of the fourth amendment's exclusionary rule to civil proceedings. U.S. Const. amend. IV. *See James*, 767 S.W.2d at 611–12 (citing *In re Littleton*, 719 S.W.2d 772, 775 n. 2 (Mo.banc 1986); *see also Green*, 745 S.W.2d at 820. The circuit court's de novo review of Mr. Kimber's driver's license suspension hearing is a civil proceeding. *James*, 767 S.W.2d at 612; *see also Green v. Director of Revenue*, 745 S.W.2d 818, 820 (Mo.App.1988). The Supreme Court in *Littleton* stated "we note that evidence obtained in an illegal or unethical manner is not subject to an exclusionary rule except in criminal cases." 719 S.W.2d at 775 n. 2 (citing *Diener v. Mid-American Coaches, Inc.*, 378 S.W.2d 509, 511 (Mo.1964)).

The court in *James* involved an appeal similar to the present one. 767 S.W.2d at 604. The *James* court reviewed a circuit court's de novo hearing of the Director's suspension of a motorist's driver's license pursuant to §§ 302.505 and 302.520. *Id.* at 605. The motorist moved to suppress allegedly illegal evidence that was obtained in violation of the motorist's right to consult counsel. *Id.* at 604–05. The *James* court decided that the evidence, regardless whether illegal, was admissible in the circuit court's proceeding because: (1) the hearing affirming the Director's suspension of the motorist's driver's license is a civil proceeding; and (2) the exclusionary rule is inapplicable in civil proceedings. *Id.* at 611–12. The court in *James* relied upon the decisions in *Green*, 745 S.W.2d at 820, and *Westendorf v. Iowa Dept. of Transp.*, 400 N.W.2d 553, 556–57 (Iowa 1987)[5], which also determined that the exclusion-

---

5. *Westendorf* has been modified by Iowa Code § 321J.13(4) (1989) and *Brownsberger v. Department of Transp., MVD*, 460 N.W.2d 449 (Iowa 1990). The *Brownsberger* court interpreted the statute as being an exclusionary rule where there has been a separate, criminal proceeding which adjudicated the evidence inadmissible.

*Id.* at 451. However, the Iowa supreme court stated that *Manders v. Iowa Dep't of Transp.*, 454 N.W.2d 364, 366–67 (Iowa 1990), "affirmed the *Westendorf* rule that the constitutionality of a stop was immaterial insofar as the initial license revocation proceedings was concerned...." *Id.*

ary rule is inapplicable to similar proceedings. *Id.* Accordingly, determination that Mr. Kimber's arrest was illegal does not impair the admissibility of evidence relating to the arrest or stemming from it in the civil proceeding to suspend Mr. Kimber's driver's license pursuant to §§ 320.500–.540 because the exclusionary rule is inapplicable in civil proceedings. Thus, the evidence of the illegal arrest and the subsequent breath analyzer results are admissible.

The circuit court's function is to determine (1) whether the police officer had probable cause to arrest Mr. Kimber; and (2) whether the Alco–Analyzer 2000 results demonstrated that Mr. Kimber had a blood alcohol content of .13 percent or more. *Strode v. Director of Revenue,* 724 S.W.2d 245, 248 (Mo. banc 1987) (citing *Stewart v. Director of Revenue,* 702 S.W.2d 472, 475 (Mo. banc 1986)). Substantial evidence in the record supports the circuit court's determination that both of these elements were present. The judgment is affirmed.

All concur.