Cecile L. BREWER, Appellant–
Respondent,

v.

Norman TRIMBLE, Respondent–
Appellant.

Nos. 19533, 19570.

Missouri Court of Appeals,
Southern District,
Division Two.

June 23, 1995.

W. Swain Perkins, Perkins Law Office, L.L.C., Thayer, for appellant, respondent Brewer.

Rich D. Moore, Brill, Moore & Wagoner, P.C., West Plains, for respondent, appellant Trimble.

PARRISH, Judge.

Cecile L. Brewer (plaintiff) and Norman Trimble (defendant) each appeal a judgment in a 42 U.S.C. § 1983 action in which plaintiff was awarded damages of $1.00 and attorney fees of $3,404.77. The appeals were consoli-

dated. Plaintiff's appeal is No. 19533. Defendant's appeal is No. 19570.

This court affirms the judgment as to the damages awarded plaintiff and affirms the denial of punitive damages. The award of attorney fees is reversed and the case remanded. The trial court is directed to consider whether attorney fees are warranted under the facts of this case, and, if attorney fees are awarded, to enter a clear, concise explanation of its reason for the award.

On November 19, 1992, defendant was a police officer for the city of Thayer, Missouri, a fourth class city. Defendant observed plaintiff's automobile traveling along U.S. Highway No. 63 inside the city limits of Thayer. He clocked the speed of the automobile at 66 miles per hour. Defendant turned on his red lights and followed plaintiff's automobile. It turned onto Missouri Highway No. 19 (Route 19). Defendant also turned onto Route 19. He explained, "I followed the vehicle approximately 2/10 of a mile outside the city limits, at which time I gave up the chase." Defendant looked at his speedometer. He was traveling in excess of 80 miles per hour.

Defendant continued on Route 19 until he regained sight of plaintiff's vehicle. He testified:

> And I turned my lights back on and came up behind the vehicle and turned my bright lights on. And the vehicle proceeded on down the road a little ways. I hit my siren one time. And the vehicle pulled off to the left side of the road and kind of parked crossways of the road. And I pulled in kind of behind the vehicle and off to the right.

Plaintiff told defendant she thought an ambulance was behind her. He asked for her driver's license and walked to the back of her car to look at the license plates. Defendant returned plaintiff's driver's license and told her he was not going to give her a ticket. Plaintiff estimated the episode took from five to ten minutes. Defendant estimated it took about two minutes.

Plaintiff alleged in her petition that defendant acted without legal justification in stopping her "because a police officer of a fourth class city may not effectuate such a stop beyond the territorial boundaries of the city even if the defendant ... unsuccessfully attempted to stop the plaintiff within the city limits." Her action was brought against defendant and the city of Thayer. The city filed a motion for directed verdict at the close of plaintiff's evidence. It was granted.

Plaintiff's appeal, No. 19533, is directed to the amount of attorney fees the trial court awarded. Plaintiff contends the trial court erred by awarding an amount of attorney fees less than the amount plaintiff sought. She further contends the trial court erred by not explaining "in a concise detailed statement the amount of attorney fees awarded as costs."

Defendant contends, in No. 19570, that the trial court erred in entering judgment for plaintiff because plaintiff did not make a submissible case pursuant to 42 U.S.C. § 1983; that defendant's actions were not actionable because he "was protected by qualified immunity"; and that the trial court no longer had jurisdiction in the case at the time it entered the award of attorney fees.

## No. 19570

Defendant's first two points claim plaintiff failed to state a cause of action (Point II) and failed to make a submissible case (Point I) under 42 U.S.C. § 1983. Defendant contends the cause of action that was pleaded and submitted to the jury was a claim for false imprisonment actionable under state tort law, not a civil rights claim actionable under 42 U.S.C. § 1983.

Section 1983 provides a cause of action against anyone who, under color of state law, causes another person to be deprived of a federal constitutional right.[1] "The first in-

---

1. 42 U.S.C. § 1983 states:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or

quiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979), *quoting* 42 U.S.C. § 1983.

■ Plaintiff's claim is based on a traffic stop by defendant she claims was illegal. She complains she was deprived of her liberty as a result of the stop. A traffic stop, although not an arrest, is a limited seizure within the meaning of the Fourth Amendment. *State v. Kovach,* 839 S.W.2d 303, 311 (Mo.App.1992). The deprivation of liberty about which plaintiff complains is a constitutionally protected right.

■ Defendant was a police officer of the city of Thayer, a fourth class city. His authority, as a law enforcement officer, to apprehend offenders did not extend beyond the Thayer city limits. *City of Advance v. Maryland Casualty Co.,* 302 S.W.2d 28, 32 (Mo. 1957); *City of Fredericktown v. Bell,* 761 S.W.2d 715, 716 (Mo.App.1988). This was true even if he observed an offense within the city limits and began pursuit there. *Id.*

■ Defendant exceeded his authority as a Thayer police officer by pursuing plaintiff's vehicle beyond the city limits and stopping it outside the city limits. Although he was outside his jurisdiction, defendant's actions were undertaken in his capacity as a police officer. He misused the power state law grants city policemen in fourth class cities. As such, for purposes of 42 U.S.C. § 1983, he acted "under color of" state law. *U.S. v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941). *See* discussion in *Doe "A" v. Special School Dist. of St. Louis County,* 637 F.Supp. 1138, 1142 (E.D.Mo. 1986).

Defendant raises no claim of instructional error. However, he contends the jury was instructed on the basis of false imprisonment;[2] that, therefore, plaintiff is not entitled to recover on the basis of a civil rights claim. He cites *Baker v. McCollan, supra,* for that proposition.

■ The court in *Baker* found no deprivation of a constitutional right. Here, however, plaintiff's Fourth Amendment right against unlawful seizure was violated. Unlike in *Baker,* she was deprived of a constitutional right.

Although defendant alludes to the tort of false imprisonment, the verdict-directing instruction, Instruction No. 9, speaks to § 1983, not to false imprisonment. The claim that was pleaded and tried was based on a violation of 42 U.S.C. § 1983. Defendant's Points I and II are denied.

Defendant's Point III contends he was "protected by qualified immunity, in that [defendant] was acting in his capacity as a law officer and his pursuit of plaintiff outside the city limits did not violate any federal constitutional right of plaintiff which was so clearly established that a reasonable police officer would understand that his conduct violated such right."

"The obvious function of the qualified immunity rule is to excuse an officer who makes a reasonable mistake in the exercise of his official duties." *Edwards v. Baer,* 863 F.2d 606, 607 (8th Cir.1988). Defendant would be immune from liability if he had not known, or should not have known, that his conduct violated a clearly established constitutional right.

Defendant testified, however, that as a police officer he could properly leave the city limits when he was in felonious pursuit, when he was going to the aid of another officer, or

other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

2. The jury was instructed, in Instruction No. 6, "[A]s a matter of law ... under the Constitution of the United States every citizen has the right to his liberty, that is, the right not to be falsey [sic] imprisoned." Instruction No. 7 then defined

"[t]he term 'false imprisonment' or 'falsely imprisoned', also known as, 'false arrest.'" Instruction No. 8 advised, "'Acting under color of law' simply *means* acting in one's capacity as a police officer," followed by the sentence, "If the defendant acted with an intention to take official action against the plaintiff, or if the defendant used equipment issued to him by the police department which he was required to carry at all times, he was acting under color of law."

in case of emergency. He contended his pursuit of plaintiff's vehicle was an emergency.

■ Defendant's training as a police officer included instruction that he was not to pursue vehicles beyond the city limits for traffic violations; that a car speeding away from him did not constitute an emergency. His contention that he pursued plaintiff's vehicle beyond the city limits because there was an emergency is not reasonable. His actions were not consistent with the training he received. He is not immune from liability for their consequences. Defendant's Point III is denied.

Defendant's Point IV is directed to the award of attorney fees. Defendant contends the trial court erred in awarding attorney fees because (a) plaintiff "failed to prove actual, compensable damages, an essential element of her claim for alleged violation of U.S. Constitutional rights and resulting emotional distress, receiving only nominal damages of one dollar," and (b) the trial court did not have jurisdiction to enter an award of attorney fees because the award was made "more than ninety days after [defendant's] motion for judgment notwithstanding the verdict had been filed."

The jury returned its verdict November 19, 1993. Defendant filed his motion for judgment notwithstanding the verdict December 6, 1993. The trial court's order awarding attorney fees was entered April 19, 1994—the same day its order denying defendant's motion for judgment n.o.v. was entered.

The trial court's docket sheet contains an unsigned docket entry dated March 28, 1994, stating, "Judgment filed (copy mailed to attorneys)." The "judgment," although having a line for signature by the trial judge, was unsigned. It addressed the issues included in the verdict. It did not address plaintiff's request for attorney fees.

Plaintiff filed a "Motion to Amend or Modify Judgment" April 11, 1994, alleging that a favorable verdict entitled her to attorney fees; that the "judgment" filed March 28, 1994, did not reflect an award of attorney fees.

Plaintiff's Motion to Amend or Modify Judgment was heard via conference call on April 19, 1994. The trial court entered an order by docket entry, stating, as applicable to the issue of attorney fees:

> 1) The "Judgment" filed in this Court on March 28, 1994, is not the Judgment of this Court having never been signed by this Judge, though filed & file stamped by the clerk. 2) Plaintiff's Motion to Amend or Modify Judgment is overruled since there is no judgment herein at this time. . . .

That entry is followed by another, also dated April 19, 1994, that states:

> Court enters judgment, as follows: 1) Jury verdict of 11–18–93 and 11–19–93 jury trial entered for Plaintiff and against Defendant Norman Trimble for $1.00 actual damages and $0.00 punitive damages.
>
> 2) Costs are taxed against Defendant Norman Trimble.
>
> 3) Attorneys fees are awarded to Plaintiff and against Defendant Norman Trimble in sum of $3,404.77 and are taxed as costs. /s/ JSB
>
> Clerk to provide copy of entries of this date to counsel. /s/ John S. Beeler

Plaintiff's claim included a request for attorney fees. Her claim was based on 42 U.S.C. § 1983.[3] The request for attorney fees was not acted upon until April 19, 1994. Judgment was not rendered until that date. *See* Rule 74.01(b). Part (b) of defendant's Point IV is without merit.

Part (a) of defendant's Point IV contends the facts presented in evidence do not support an award of attorney fees. Defendant contends the failure to prove actual damages precludes an award of attorney fees; that a judgment for only nominal damages denies plaintiff the right to receive attorney fees.

---

**3.** 42 U.S.C. § 1988(b) states, "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, the Religious Freedom Restoration Act of 1993, title VI of the Civil Rights Act of 1964, or section 13981 of this title,, [sic] the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

■ The award of attorney fees in a § 1983 case is discretionary. 42 U.S.C.A. § 1988(b). An appellate court, in considering such an award, reviews the trial court's decision only to determine if there was an abuse of discretion. *Gates v. Deukmejian*, 987 F.2d 1392, 1396 (9th Cir.1992).

In order to permit meaningful appellate review, a trial court must "provide a concise but clear explanation of its reasons for the fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). The explanation need not be elaborate, but " 'something more than a bald, unsupported amount is necessary.' " *Gates*, 987 F.2d at 1398, *quoting Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 n. 3 (9th Cir.1986), *amended*, 808 F.2d 1373 (9th Cir. 1987).

■ This court has nothing before it for review with respect to an award of attorney fees. The case must be reversed as to the attorney fee award and remanded to the trial court. If the trial court, upon further consideration, chooses to make no change in the attorney fees it previously ordered or awards attorney fees in some other amount, it is directed to provide a concise, clear explanation of reasons for the award. As to defendant's complaint in Point IV that the trial court failed to explain reasons for its award of attorney fees, Point IV is granted.[4]

### No. 19533

Plaintiff's appeal is directed to the amount of attorney fees awarded by the trial court.

In plaintiff's Point I, she contends the trial court abused its discretion by awarding less attorney fees than the amount she requested. Plaintiff's Point II complains the trial court erred in failing to set forth a concise, detailed statement explaining the amount of attorney fees awarded. For the reasons stated in discussing defendant's Point IV, plaintiff's Point II is well-taken. On remand, the trial court will consider whether there is a basis to award attorney fees and, if so, the amount to be awarded. Plaintiff's Point I is moot.

The judgment is affirmed as to the award of damages of $1.00 to plaintiff and the denial of punitive damages. The case is reversed as to the trial court's award of attorney fees. The trial court is directed to consider whether attorney fees are warranted under the circumstances of this case. If the trial court awards attorney fees, it is directed to provide a concise, clear explanation of its reasons for its award.

GARRISON, P.J., and PREWITT, J., concur.

---

4. The trial court is referred to the discussion of attorney fees in *Farrar v. Hobby*, —— U.S. ——, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), for consideration with respect to its review on remand:

In some circumstances, even a plaintiff who formally "prevails" under § 1988 should receive no attorney's fees at all. A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party. As we have held, a nominal damages award does render a plaintiff a prevailing party by allowing him to vindicate his "absolute" right to procedural due process through enforcement of a judgment against the defendant. *Carey [v. Piphus]*, 435 U.S. [247], at 266, 98 S.Ct. [1042], at 1053 [55 L.Ed.2d 252] [1978]. In a civil rights suit for damages, however, the awarding of nominal damages also highlights the plaintiff's failure to prove actual, compensable injury. *Id.*, at 254–264, 98 S.Ct., at 1047–1052. Whatever the constitutional basis for substantive liability, damages awarded in a § 1983 action "must always be designed 'to *compensate injuries* caused by the [constitutional] deprivation.' " *Memphis Community School Dist. v. Stachura*, 477 U.S. [299], at 309, 106 S.Ct. [2537], at 2544 [91 L.Ed.2d 24986132676 (1986)] (quoting *Carey*, *supra*, 435 U.S., at 265, 98 S.Ct., at 1053) (emphasis and brackets in original). When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, see *Carey*, *supra*, at 256–257, 264, 98 S.Ct., at 1048–1049, 1052, the only reasonable fee is usually no fee at all.

*Id.* at ——, 113 S.Ct. at 575.