**STATE of Missouri, Respondent,**

v.

**Caldwell E. PALMER, Appellant.**

No. 41883.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 19, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 17, 1980.

Application to Transfer Denied
Nov. 12, 1980.

Charles Schwartz, Shaw, Howlett & Schwartz, Clayton, for appellant.

George Westfall, Clayton, for respondent.

REINHARD, Judge.

Defendant appeals from his conviction by the court of driving a motor vehicle while intoxicated.[1] On appeal, his sole point is that the trial court committed prejudicial error in overruling defense counsel's objection to opinion evidence from a lay witness regarding the alleged intoxicated condition of the defendant.

On December 10, 1978, sometime around 3:30 a. m., Sergeant Reis observed a 1976 Monarch Mercury weaving from lane to lane in the northbound lanes of Lemay Fer-

---

1. The defendant was charged with violating § 564.440, RSMo 1969. Under that section, anyone who violated the section is guilty of a misdemeanor on conviction for the first two violations thereof. Here, he was charged as a first offender.

ry Road. He observed it run a stop sign at Lemay and Buckley (a flashing light). He stopped the vehicle and found defendant to be the only occupant. Defendant was unable to produce a driver's license. The Sergeant asked the defendant to step out of the car and noticed that he was very unsteady on his feet and that his breath smelled strongly of alcohol. Sergeant Reis summoned another officer, Leonard Applebaum, who administered defendant a field sobriety test while the Sergeant observed. When asked to recite the alphabet, the defendant slurred, mumbled and confused the portion from "L" to "P". The Sergeant observed defendant taking the finger–to–nose test: "He was very hesitant when he would bring his finger to his nose, he would stop and then very slowly bring his finger to touching the nose. He couldn't–didn't bring it directly in as he was instructed to do." The Sergeant also observed defendant performing a walking test and testified that the defendant had difficulty with this test. The defendant thought he was in Illinois. It was the Sergeant's observation that defendant's eyes were glassy and partially bloodshot.[2]

Sergeant Reis testified that he had been a police officer for over 15 years. He had occasion to observe people who were intoxicated numerous times. He gave his opinion based upon his experience of being a police officer for 15 years, that the defendant was intoxicated. "There was no doubt in my mind."

On appeal, defendant complains of the admittance of this opinion testimony relating to his alleged intoxication. The law in Missouri is clear. Lay witnesses may give an opinion on intoxication of another if preceded by evidence of conduct and appearance observed by them to support an opinion. *State v. English*, 575 S.W.2d 761, 763 (Mo.App.1978); *State v. Fisher*, 504 S.W.2d 281, 283 (Mo.App.1973). "The basis for admission of such an opinion should be such as to render the witness able to arrive at an intelligent opinion with respect to the subject matter." *State v. English*, 575 S.W.2d at 763.

Here, Sergeant Reis observed the defendant weaving across the road while operating his vehicle. Sergeant Reis testified to the facts upon which he based his opinion that defendant was intoxicated. Under *State v. English*, 575 S.W.2d 761 (Mo.App. 1979); *State v. Bruns*, 522 S.W.2d 54 (Mo. App.1975); and numerous other cases, we find Sergeant Reis' opinion to be admissible and sufficient evidence to support defendant's conviction.

Finding, as we do that the state made a submissible case against defendant, we hereby affirm.

DOWD, P. J., and CRIST, J., concur.

---

**2.** Officer Applebaum's testimony corroborated defendant's taking the tests as well as the physical appearance of defendant's eyes being glassy and bloodshot.