**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Billy Mack MILES,
Defendant-Appellant.**

**No. 14311.**

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 18, 1986.

Motion for Rehearing or to Transfer to Supreme Court Denied Dec. 8, 1986.

William L. Webster, Atty. Gen., Lee A. Bonine, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

James D. McNabb, Asst. Public Defender, Springfield, for defendant-appellant.

TITUS, Judge.

Defendant was court-tried and found guilty on two counts of driving while intoxicated. § 577.010.1.[1] The convictions were for the third and subsequent drunk driving offenses making each a class D felony. § 577.023.1(2); § 577.023.3. Defendant was sentenced to imprisonment for a term of five years on each count, said sentences to run consecutively. § 558.011.1(4).

■ The dual charges arose from separate arrests of defendant by different police persons at different locations in Springfield during the nights of February 2, 1985, and February 27, 1985. On each occasion defendant was driving an unlighted pickup truck on a public street and each officer related observations of defendant's unusual appearance and movements, his slurred speech, alcoholic breath and the erratic course the truck was being driven before it was halted. Both officers testified to extensive experience with known intoxicated persons, and such testimony amply supported the court's permitting them to express their opinions as to defendant's intoxications and its denial of defendant's motion for judgment of acquittal. *State v. Crawford*, 646 S.W.2d 841, 843[3] (Mo.App.1982). As trier of the facts, the court nisi had leave to believe all, part or none of the testimony of the state's witnesses, *State v. Pedersen*, 651 S.W.2d 639, 641[2] (Mo.App.1983), and it obviously believed the officers' opinions that defendant was intoxicated while driving. There is no merit to defendant's first point relied on that "the evidence taken in the light most favorable to the state failed to show the defendant was intoxicated at the time he was arrested" and it is denied.

■ In his second and last point relied on defendant said the imposition of a five

1. Statutory references are to V.A.M.S.

year sentence on each count to be consecutive and to be consecutive to the sentence defendant was then under on another matter constituted cruel and unusual punishment. We initially note the sentences were within the terms authorized by law and that punishment within the statutory limits is not cruel and unusual because of its duration unless it is so disproportionate under the circumstances to shock the moral sense of reasonable men. *State v. Whitehead*, 675 S.W.2d 939, 943[5] (Mo.App. 1984). As repeated in *State v. Rider*, 664 S.W.2d 617, 621 (Mo.App.1984), quoting from *State v. Manis*, 614 S.W.2d 771, 774 (Mo.App.1981): "But whom to include in the category of 'all reasonable men' and what may shock their moral senses as to what is right and proper under any given set of circumstances, are fanciful and unanswerable legal conundrums born of a[n] ignis fatuus." Moreover, when defendant is convicted of separate offenses and the sentences imposed are within the statutory limits, consecutive effect of said sentences does not constitute cruel and unusual punishment. *State v. Jackson*, 676 S.W.2d 304, 305[3] (Mo.App.1984). The second and last point is denied and the judgment is affirmed.

GREENE, P.J., and CROW, C.J., concur.