**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Ronald M. BARRETT,
Defendant–Appellant.**

No. 15098.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 28, 1988.

Motion for Rehearing or Transfer
to Supreme Court Denied
Feb. 17, 1988.

Jon Van Arkel, Asst. Public Defender, Springfield, for defendant-appellant.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Judge.

Count I of the information charged defendant with driving while intoxicated, § 577.010,[1] and with being a persistent offender, § 577.023, subd. 1(2). Count II charged defendant with driving a motor vehicle upon the highways of this state while his operating privileges had been revoked, § 302.321. A jury found defendant guilty of both charges and he was sentenced to concurrent terms of five years' imprisonment on Count I and one year's imprisonment on Count II. Defendant appeals.

In general, defendant's points are that the trial court erred in the following respects:

(1) permitting officer Poland to testify, over defendant's objection, that defendant was intoxicated;

(2) overruling defendant's objection to a statement made by the prosecutor in his closing argument;

(3) failing to sustain defendant's motion for judgment of acquittal with respect to Count II.

On June 15, 1986, the date of the two alleged offenses, officer Tim Poland of the police department of the town of Republic was dispatched, at approximately 11:00 p.m., to a point on Miller Road in Republic. At the scene Poland found a motor vehicle "sitting on the side of the road with two flat tires." Defendant Barrett and one Rynes were sitting in the ditch nearby. Poland "noticed the smell of intoxicants about their breaths at that time." Poland asked the two men if they needed help. The offer was declined and Poland "resumed normal patrol."

Ten minutes later Poland saw Barrett driving the vehicle down the road about a quarter of a mile from where he had originally seen it. The two tires were still flat and Barrett "was driving on the rims." Poland followed the Barrett vehicle and attempted to stop it. Barrett backed the car "into a lift station." Poland got out of his vehicle and approached the Barrett car. Barrett was still in the driver's seat and the engine was running.

Poland smelled intoxicants in the vehicle and on Barrett's breath. Barrett told Poland he had had two beers. Several empty beer cans were lying in the front and back of the Barrett car. Barrett's eyes were bloodshot, his speech was slurred, and he staggered.

Poland asked Barrett to do some field sobriety tests. Barrett muttered an obscenity and said he would not take any tests. Poland radioed for a backup officer, and officer Kenneth Denny came to the

---

1. All references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Mis-    souri Rules of Court, V.A.M.R.

scene. Several "field sobriety tests" were administered to Barrett and he failed them. The officers gave Barrett the *Miranda* warning, placed him under arrest, and took him to the Greene County Jail. At the jail, Barrett informed Poland that he had had six or eight beers. Barrett called the officers foul names.

Poland testified that he was a cadet for two and one-half years with the Republic Police Department before he became an officer in January 1986. "A cadet rides with officers a lot." On the day of the trial, January 5, 1987, Poland testified, "During my three and one-half years of law enforcement I have made 30 or 35 DWI arrests or been involved as backup or riding with the arresting officers. I have seen people in intoxicated conditions on duty other than DWI cases, I would say probably close to 100 cases, outside of DWI. I have seen people under the influence of alcohol outside my police work."

After the foregoing evidence had been elicited, the prosecutor asked Poland whether he had an opinion as to whether defendant was under the influence of alcohol. Defense counsel said: "I am going to object to any opinion he might give for lack of experience in handling such cases along the line as a cadet before he was fully trained." The objection was overruled and Poland testified that in his opinion Barrett was intoxicated at the time of the incident.

Officer Denny's testimony was consistent with that of officer Poland with respect to Barrett's condition. Denny testified, without objection, that "Barrett was very much under the influence of alcohol at the time."

Sgt. Mike Walker, of the Greene County Sheriff's Department, was on duty at the jail when Barrett arrived there "around midnight" in the custody of the other two officers. Walker testified that Barrett's speech was somewhat slurred, and Barrett was abusive and very hostile. Barrett had a strong odor of intoxicants and he was unsteady as he walked. His eyes were bloodshot. Walker testified, without objec-

tion, that in his opinion Barrett was intoxicated.

■ Defendant's first point is that the trial court erred in not sustaining defendant's objection to the testimony of officer Poland that in his opinion defendant was intoxicated. Defendant argues that Poland had been a police officer "little more than five months" and that, as an officer, Poland "had been involved in alcohol related arrests only five or six times and had actually been acting on his own three to five times." Defendant argues that Poland's testimony should have been rejected "because there was not an adequate foundation laid for his opinion."

In view of the foregoing evidence, this court regards defendant's first point as frivolous. It should be noted that Poland's opinion was merely cumulative to similar opinion testimony given by the other two officers and received without objection.

■ Even a lay witness may give an opinion on the intoxication of another person if that testimony is preceded by evidence of conduct and appearance observed by the witness to support the opinion. *State v. English*, 575 S.W.2d 761, 763[1] (Mo.App.1978). To similar effect see *State v. Palmer*, 606 S.W.2d 207, 208[1] (Mo.App. 1980). Officer Poland's professional background and his observation of the instant circumstances made him more qualified than the average witness to state his opinion on Barrett's intoxication. Defendant's first point has no merit.

■ Defendant's second point is that the trial court erred in overruling defendant's objection to a statement made by assistant prosecutor Sam Phillips during his final argument. This point is based on the following incident:

"PROSECUTOR PHILLIPS: Another thing in the same list of relevant factors as far as I'm concerned concerning intoxication are the inconsistencies the defendant had while during the time he was with the police officers. He changed

from hostile and abusive to later asking, uh, asking for, 'Give me a drink'—that kind of thing.

First he said he had two beers. Then he said he had six to eight beers. *If they'd asked 'im another hour later maybe we'd a gotten around to how many or whatever he did have.*

DEFENSE COUNSEL: Your Honor, I'm going to object to that. It's speculative.

THE COURT: That's overruled."

The only objection made at the time of the incident was that the argument was speculative. In his motion for new trial, defendant assigned the additional objections that the argument "challenged the defendant to make a statement in spite of defendant's right not to testify," and that the argument "misled the jury." In this court, defendant's second point asserts that the prosecutor's argument was "speculative, misleading, and referred to defendant's right to remain silent, thereby impinging upon defendant's rights against self-incrimination and violated defendant's rights to due process and to a fair and impartial trial by jury."

An objection to an improper argument must be made at the time of the argument and comes too late if made after the jury has retired or if raised for the first time in a motion for new trial. *State v. Heinz,* 607 S.W.2d 873, 880[15] (Mo.App.1980); *State v. Hatten,* 561 S.W.2d 706, 713[10] (Mo. App.1978). See also *State v. Williams,* 630 S.W.2d 117, 120 (Mo.App.1981). Under the foregoing authorities the only objection preserved for appellate review is the objection that the argument was "speculative." Although plain error review has not been requested with respect to the additional objections, this court gratuitously accords such review.

"Broad discretion rests with the trial court in the control of closing arguments, with wide latitude accorded counsel in their summations.... A conviction will be reversed for improper argument only if it is established the complained of comments had a decisive effect on the jury's determination." *State v. Newlon,* 627 S.W.2d 606, 616[12] (Mo. banc 1982).

The various objections were directed to the italicized statement made by the prosecutor. By its very nature that statement was speculative and a jury composed of people of ordinary intelligence would so regard it and not be misled. The action of the trial court in denying the motion for new trial may indicate the feeling of that court that the statement probably had little, if any, impact upon the jury.

"If the defendant shall not avail himself ... of his ... right to testify ... on the trial in the case, it shall not ... be referred to by any attorney in the case." Rule 27.05(a); § 546.270. In *State v. Frankoviglia,* 514 S.W.2d 536, 541[5] (Mo.1974), the court said:

"The key words of the rule and statute are 'accused' and 'testify,' and the test is whether the jury's attention was called to the accused's failure to testify.... The cases consistently require for reversal of a conviction that there be a direct, nonambiguous and unequivocal prosecutorial comment on the failure of the defendant to become a witness."

An indirect reference to defendant's decision not to testify may constitute error, but to do so the indirect reference "must, when viewed in context, naturally and necessarily cause the jury to infer that the comment referred to the accused's failure to testify." *State v. Johnson,* 702 S.W.2d 65, 73[8] (Mo. banc 1985).

■ Here the challenged statement did not include the "key words"—"accused" and "testify." Viewed in context, the statement does not constitute a direct or indirect reference to Barrett's failure to testify, nor to his right to remain silent while at the Greene County Jail.

This court holds that the incident did not constitute plain error resulting in manifest injustice or miscarriage of justice, Rule 30.-20, and that the trial court did not commit prejudicial error in overruling the sole ob-

jection which was made at the time of the incident. Defendant's second point has no merit.

■ Defendant's third point is that the evidence is insufficient to support the verdict with respect to Count II, and that the trial court erred in ruling otherwise. Both Count I and Count II of the information arose out of the events of June 15, 1986, previously described. Count II charged the defendant, in violation of § 302.321, with driving his vehicle while his license was revoked. During the course of the trial the parties stipulated that at the time of the material events, "defendant's driving privileges were revoked." The stipulation was read to the jury.

Defendant's third point seeks to challenge the sufficiency of the state's evidence with regard to the *validity* of the revocation. The state adduced no evidence respecting the revocation other than the stipulation itself. Defendant does not assert that the revocation was in fact invalid. He merely claims that the state failed to prove certain factors which, so he argues, are essential to the validity of the revocation.

In *United States v. Spann*, 515 F.2d 579, 583 (10th Cir.1975), the court said: "On appeal we should not accept an argument that a stipulation at trial as to an ultimate fact or conclusion did not cover a necessary subsidiary fact." This court holds that in stipulating that his driving privileges were revoked, defendant stipulated that they were validly revoked and it was unnecessary for the state to make further proof on the issue of revocation. To hold otherwise, on the instant record, would condone sandbagging. Defendant's third point has no merit.

The judgment is affirmed.

PREWITT, P.J., and HOGAN and MAUS, JJ., concur.