STATE of Missouri,
Plaintiff–Respondent,

v.

Gerald Lee McHAFFIE,
Defendant–Appellant.

No. 15794.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 11, 1989.

Robert M. Sweere, Springfield, for defendant-appellant.

Thomas E. Mountjoy, Pros. Atty., Darrell L. Moore, Asst. Pros. Atty., Springfield, for plaintiff-respondent.

HOLSTEIN, Chief Judge.

Defendant Gerald Lee McHaffie was charged by a two-count information with driving while intoxicated, § 577.010,[1] and failure to operate his vehicle on the right side of the roadway, § 304.015. Following a trial to the court, defendant was found guilty on both counts. From the conviction, he appeals.

Defendant's two points on appeal are interrelated. The first point is that the court erred in allowing two police officers to render an opinion that the defendant was intoxicated because there was an insufficient evidentiary foundation for such testimony. In his second point, defendant argues that the testimony of the two officers who arrested defendant was not substantial evidence constituting proof beyond a reasonable doubt that defendant was intoxicated.

On February 20, 1988, Steven Lipe and Danny Flare were police officers for the Greene County community of Fair Grove. They were also deputized by the Greene County Sheriff. Flare had been an officer for about a year. Lipe had served in law enforcement longer but had only been employed as a city police officer since June of 1987. Both officers had previously made arrests for alcohol-related traffic offenses, and each had either experience or training in the use and observation of field sobriety tests. Both held permits to operate machines used to analyze breath for alcohol.[2]

Just before three o'clock in the morning, the officers, while sitting in their patrol car at the side of U.S. Highway 65 in Greene County, observed defendant driving a vehicle in a northerly direction on the highway. Defendant's vehicle was swerving in its lane and then crossed the center line two or three times. The officers followed defendant's vehicle approximately one mile. While defendant's vehicle did not cross the center line again, it continued to swerve within its lane. The siren and emergency

1. Unless otherwise indicated, all references to statutes are to RSMo 1986, and all rule references are to Missouri Rules of Court (19th ed. 1988).

2. For reasons not relevant to this appeal, a machine analysis of defendant's breath was rejected in response to defendant's objection to its admission in evidence. However, "Missouri Courts have never required the state to produce the results of chemical tests as a prerequisite to proof of intoxication." *State v. Crawford,* 646 S.W.2d 841, 842 n. 2 (Mo.App.1982).

lights of the police vehicle were activated. Defendant continued to operate his vehicle for another half mile before finally coming to a stop.

Upon approaching the vehicle, both officers observed the defendant in the driver's seat. Other persons were in the vehicle. Defendant smelled of intoxicants, his eyes were bloodshot, watery, and reacted poorly to light. Two six-pack containers of beer were in the back seat. One container was empty and the other partially empty. Two empty beer bottles were observed in the defendant's vehicle. Several bottles of beer were in a cooler in the front seat. As he exited his vehicle, defendant had trouble maintaining his balance. The officers conducted four field sobriety tests on defendant, including a balance test, a walk-and-turn test, and a test in which defendant was directed to bend over and pick up coins of different denominations from the ground. Defendant swayed "back and forth" during the balance test. He lost count of his steps during the walk-and-turn test and did not walk heel-to-toe. He squatted rather than bent over to pick up the coins, and, in performing the task, he moved slowly. The officers, over defendant's objection, were permitted to opine that defendant was intoxicated. The trial court found the defendant guilty as charged.

■ Defendant's first point is that the officers' opinions were not based on sufficient foundational facts. He acknowledges that it is not error to permit a witness who relates facts upon which he bases his opinion to express an opinion that a defendant was intoxicated. *State v. Robbins,* 455 S.W.2d 24, 26 (Mo.App.1970). The basis for admission of an opinion should be such as to render the witness able to arrive at an intelligent opinion with respect to the subject matter. *State v. Palmer,* 606

S.W.2d 207, 208 (Mo.App.1980). The police officers' testimony as to their experience and training relating to intoxicated persons, their observation of empty alcoholic beverage containers in the vehicle, and their observation of defendant on the night in question, including evidence of his unusual appearance, movement, reactions during the field sobriety tests, alcoholic breath, and erratic course of the vehicle being driven, was sufficient foundation to permit the officers to give an intelligent opinion that the driver was intoxicated. *State v. Mayabb,* 316 S.W.2d 609, 612 (Mo. 1958); *State v. Miles,* 720 S.W.2d 35, 36 (Mo.App.1986); *State v. Crawford,* 646 S.W.2d 841, 842–43 (Mo.App.1982); *State v. Palmer, supra.*

■ Defendant's second point argues that the officers' testimony was not substantial evidence of intoxication sufficient to support a conviction of driving while intoxicated. Our present standard of review[3] of a judge-tried case is the same rule applied in jury-tried cases; that is, on appeal the state's evidence is accepted as true together with all reasonable inferences drawn therefrom, and all evidence and inferences to the contrary are disregarded. *State v. Giffin,* 640 S.W.2d 128, 130 (Mo. 1982); *State v. Harris,* 744 S.W.2d 505, 506 (Mo.App.1988); Mo. Const. art. I, § 22(a); Rule 27.01(b). The trier of fact may believe all, part or none of the testimony of witnesses. *State v. Miles, supra,* at 36. Defendant attacks the credibility of the officers' testimony based on their relatively short tenure in law enforcement, their alleged motivation to secure convictions, and inconsistency in the officers' testimony concerning who read defendant his "Miranda" warning. Since this was a court-tried case, the trial court resolves conflicts or inconsistencies in conflicting versions of events, and its decision on the issue of credibility is binding on appeal. *State v. Heaghney,* 728

---

**3.** Defendant's brief mistakenly suggests there is a "split of authority" on the scope of appellate review of the evidence in a court-tried criminal case, citing *State v. Johnson,* 529 S.W.2d 658 (Mo.App.1975). The standard enunciated in that case relies on former Rule 28.18, Missouri Rules of Court (1975), now repealed. Consequently, the standard of review of court-tried criminal cases stated in *Johnson* is not presently applicable and no split of authority exists.

S.W.2d 672, 673 (Mo.App.1987). Because there is substantial evidence defendant was driving while intoxicated, the trial court's judgment must be affirmed. *See State v. Giffin, supra.*

CROW, P.J., and GREENE, J., concur.