**STATE of Missouri, Respondent**

v.

**Dee J. WILSON, Appellant**

**No. 18202.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 17, 1993.

Loren R. Honecker, Sherwood, Honecker & Bender, Springfield, for appellant.

Thomas E. Mountjoy, Pros. Atty., Rose A. Barber, Asst. Pros. Atty., Greene County, Springfield, for respondent.

CROW, Presiding Judge.

In this judge-tried case, Dee J. Wilson ("Defendant") appeals from his conviction of the class B misdemeanor of driving while intoxicated. § 577.010, RSMo 1986. His lone point relied on avers the evidence was insufficient to support the judgment.

Per Rule 27.01(b), Missouri Rules of Criminal Procedure (1992), the trial court's findings have the force and effect of a jury verdict. Consequently, we review this case as though a jury had returned a

verdict of guilty. *State v. Giffin*, 640 S.W.2d 128, 130[1] (Mo.1982). In determining the sufficiency of the evidence, we accept as true all evidence tending to prove guilt, together with inferences favorable to the State that can be reasonably drawn therefrom, and disregard all contrary evidence and inferences. *Id.* at 130[2]. We do not weigh the evidence, but determine only whether there was sufficient evidence from which the trial court could have reasonably found Defendant guilty. *State v. Harris*, 774 S.W.2d 487, 491[1] (Mo.App. 1989); *State v. Placke*, 733 S.W.2d 847, 849 (Mo.App.1987).

■ So viewed, the evidence establishes that in the "early morning hours" of February 6, 1991, Corporal Ron Hutchison of the Springfield Police Department was northbound on Glenstone Avenue in that city. He saw "a southbound pickup truck traveling in what appeared to be an excessive rate of speed." Hutchison turned around and pursued it.

The pickup turned west on Sunshine Street. Hutchison followed. He saw the pickup "make two lane changes without signaling." The pickup halted at a stoplight at the intersection of Sunshine Street and National Avenue. When the light changed, the pickup crossed National and "nearly struck the concrete median" separating the eastbound and westbound lanes of Sunshine.

Hutchison "activated" his emergency equipment and stopped the pickup within a short distance. Defendant was its driver.

Hutchison detected a moderate "odor of intoxicants" about Defendant's person. Defendant's eyes were "[w]atery and bloodshot." Defendant explained he "had two beers at the Pink Cadillac."

At Hutchison's request, Defendant performed some "field sobriety tests." Defendant "did fine" on the "ABC Test" and the "Finger to Nose Test." While Hutchison was explaining the "Walk and Turn Test" (which requires nine steps forward and six back), Defendant "had to grab the side of his pickup with his left hand three times in order to avoid falling down." After the instructions, Defendant "made one step before he quit." Asked whether Defendant

offered any explanation for his inability to complete the test, Hutchison replied, "He said he had bad ankles."

Defendant also failed the "One Leg Stand." Hutchison testified, "I believe he made it to one and then stopped, where he should go to count 30." Hutchison's experience, training and observations of Defendant led him to conclude Defendant "was driving while intoxicated, absolutely." Hutchison arrested Defendant for that offense.

Testifying at trial, Defendant avowed he had "bad ankles" on the date of arrest. He recounted he fractured a bone in his right foot in March, 1990, which "still isn't healed." Defendant added he sprained his left ankle badly in 1981. According to Defendant, these conditions left him unable to perform the two tests he failed.

Defendant begins his argument by reminding us intoxication has been described as a physical condition usually evidenced by unsteadiness on the feet, slurring of speech, lack of body coordination and an impairment of motor reflexes. *State v. Ruark*, 720 S.W.2d 453, 454[1] (Mo.App. 1986); *State v. Blumer*, 546 S.W.2d 790, 792 (Mo.App.1977). Defendant maintains the evidence failed to show he was in such condition.

Defendant emphasizes: (1) Hutchison rated Defendant's ability to follow instructions as "good," (2) Defendant passed two of Hutchison's tests, (3) there was no evidence Defendant's speech was slurred, (4) Defendant's odor of intoxicants was only moderate, and (5) while Hutchison testified he had arrested probably fifty individuals in five years for driving while intoxicated, there was no evidence as to how many of those arrests resulted in convictions.

In the above respects, says Defendant, the evidence was weaker than the incriminatory evidence in *State v. Faulhaber*, 782 S.W.2d 687 (Mo.App.1989), where the accused manifested more characteristics of intoxication, and *State v. Miles*, 720 S.W.2d 35 (Mo.App.1986), where the arresting officers "testified to extensive experience with known intoxicated persons." *Id.* at 36.

While the evidence of intoxication here was arguably less compelling than that in *Faulhaber* and *Miles*, neither requires reversal. In each, a conviction of driving while intoxicated was affirmed. Neither suggests the evidence here was insufficient to support the conviction. Defendant cites no case where evidence comparable to that here was held insufficient to support a finding that the accused was intoxicated.

■ Any intoxication that in any manner impairs the ability of a person to operate an automobile is sufficient to sustain a conviction of driving while intoxicated. *State v. Raines*, 333 Mo. 538, 62 S.W.2d 727, 729 (1933). *See: State v. Cox*, 478 S.W.2d 339, 341–42[5, 6] (Mo.1972). Lay witnesses may give an opinion on the intoxication of another if preceded by evidence of conduct and appearance observed by them to support the opinion. *State v. Palmer*, 606 S.W.2d 207, 208[1] (Mo.App. 1980); *State v. English*, 575 S.W.2d 761, 763[1] (Mo.App.1978). In *English*, the opinions of young men ages 19 and 14 that the accused was intoxicated were held admissible in a jury trial for driving while intoxicated.

■ Intoxication sufficient to sustain a conviction of driving while intoxicated may be proved by any witness who had a reasonable opportunity to observe the alleged offender. *Ruark*, 720 S.W.2d at 454; *State v. Walker*, 588 S.W.2d 726, 727[3] (Mo.App.1979); *State v. Farmer*, 548 S.W.2d 202, 205[5] (Mo.App.1977). In *State v. Barrett*, 744 S.W.2d 856 (Mo.App. 1988), the officer who arrested the accused for driving while intoxicated had been a police cadet before becoming an officer. His experience with such cases covered three and a half years and 30 to 35 arrests. Additionally, he had seen intoxicated persons other than drivers on approximately 100 occasions. On appeal, the accused argued the trial court erred in allowing the officer to express his opinion that the accused was intoxicated. This Court disagreed, holding the officer's professional background and what he observed of the accused and his driving qualified the officer to state his opinion. *Id.* at 858.

Corporal Hutchison's training and experience compare favorably to that of the officer in *Barrett*. Hutchison observed Defendant's driving, his aroma of intoxicants, watery and bloodshot eyes, and failure of two field sobriety tests. Although Defendant passed two others, Hutchison testified they were the two easiest.

■ The trial court was not obliged to believe Defendant's testimony—uncorroborated by medical evidence—that he failed the other two tests because of "bad ankles." In a court-tried criminal case, determination of credibility of witnesses is a matter for the trial court and it is not within the province of an appellate court to pass on their credibility. *State v. Fingers*, 564 S.W.2d 579, 584[14] (Mo.App.1978); *State v. Hall*, 525 S.W.2d 364, 365[2, 3] (Mo.App.1975).

Applying the rule, discussed *supra*, that intoxication sufficient to sustain a conviction of driving while intoxicated may be proved by any witness who had a reasonable opportunity to observe the accused, we hold Hutchison's testimony constituted sufficient evidence from which the trial court could have reasonably found Defendant guilty.

Judgment affirmed.

PARRISH, C.J., and SHRUM, J., concur.