CITY OF BELLEFONTAINE NEIGHBORS, Respondent,

v.

FRANCIS N. MEZIERE, Appellant.

No. 67826.

Missouri Court of Appeals, Eastern District, Division One.

June 25, 1996.

Thomas A. Zotos, Clayton, for Appellant.

Mark F. Haywood, Pros. Atty., City of Bellefontaine Neighbors, Clayton, for Respondent.

KAROHL, Judge.

Francis N. Meziere appeals after he was court-tried and sentenced on the charge of

driving while intoxicated in violation of Ordinance No. 1518 of the City of Bellefontaine Neighbors Code. He contends (1) the trial court erred in allowing the City of Bellefontaine Neighbors (City) to amend a deficient information and proceed to trial on that information; (2) the amended charge of "Drive under the influence of alcohol (DUI .025)" in violation of Ordinance 1518 is not a violation of any provisions of that ordinance; and, (3) there was no evidence to support a finding he was guilty beyond a reasonable doubt of the charged offense.

We find the information is ambiguous as to whether it was intended to charge Meziere with Driving Under the Influence, Driving While Intoxicated, Ordinance No. 1518(2), or Excessive Blood Alcohol, Ordinance No. 1518(3). Meziere was charged in the municipal court with "Drive Under The Influence of Alcohol (DUI .025)" "in violation of ordinance "15." " He was charged in the circuit court, after amendment, with Driving Under the Influence, in violation of City of Bellefontaine Neighbors Ordinance "1518."

Meziere was stopped at a sobriety checkpoint at 9309 Bellefontaine Road. An officer became suspicious because Meziere appeared confused and "unsure which way to go." He testified there was a "moderate odor" of alcohol and "possible" involvement of alcohol. The evidence included a police report which described the odor of alcohol as "Faint." His clothing was neat and he was polite. The officer asked him to step out of the car. He conducted various field sobriety tests. Meziere did not perform satisfactorily and was immediately placed under arrest. The police transported him to the police station where he was processed and given a breath test. His blood-alcohol content was .025. He was released after processing.

The officer issued a "Uniform Complaint and Summons" for "driv[ing] under the influence of alcohol (DUI .025)."[1] The prosecutor did not sign the information at the time of filing. Also, the original information cited the ordinance code which Meziere violated as "15".

The information charging Meziere with driving under the influence was first tried in the Municipal Court of the City of Bellefontaine Neighbors. The municipal court tried Meziere on the charge of driving under the influence. It conducted the trial without the benefit of a signed information and without reference to the proper ordinance. The municipal judge found him guilty of **"drive under the influence of alcohol."** He requested a trial de novo on this charge before the circuit court. Because this was a de novo trial the charge tried in the circuit court must be the same as the charge tried in the municipal court.

On the day of trial the circuit court granted City leave to amend by interlineation, at which time the prosecutor signed the information and inserted "1518" as the ordinance violated. No section or subsection was alleged. Meziere objected and requested a continuance. The circuit court denied his request.

At the trial, two officers testified for City. Meziere, age 65, also testified. The court found Meziere guilty beyond a reasonable doubt of **driving while intoxicated** and fined him $100.00. Meziere appealed.

On *undisputed* facts we find Meziere appealed to the circuit court from the municipal court's judgment on the charge of driving under the influence, *not* driving while intoxicated. When the case for trial was called in the circuit court, the judge announced "[t]he charge before the Court ... [is] driving under the influence of alcohol." In opening statement, the prosecutor said Meziere "was given a ticket for driving under the influence of alcohol...." The police officer who signed the ticket testified "[t]he charge is driving under the influence of alcohol." In closing argument, the prosecutor on three occasions argued City proved Meziere operated "a vehicle under the influence of alcohol." In rebuttal closing argument, the prosecutor repeated, "[a]nd I think that we've proven that [Meziere] has operated a vehicle under the influence of alcohol beyond a reasonable doubt." The circuit court found him

---

1. The officer also issued another "Uniform Complaint and Summons" for failure to show proof of valid insurance. This appeal does not involve this charge.

guilty beyond a reasonable doubt of "**driving while intoxicated.**"

Paragraphs 2 and 3, of Ordinance No. 1518 of the City of Bellefontaine Neighbors Code state:

2) **Driving While Intoxicated.**

A person commits the offense of driving while intoxicated if he operates a motor vehicle while in an intoxicated or drugged condition.

3) **Driving With Excessive Blood Alcohol Content.**

a) A person commits the offense of driving with excessive blood alcohol content if he operates a motor vehicle with ten-hundredths of one percent or more by weight of alcohol in his blood.

b) As used in this Section, percent by weight of alcohol in the blood shall be based upon grams of alcohol per one hundred milliliters of blood and may be shown by chemical analysis of the person's blood, breath, saliva or urine.

The ordinance defines two separate violations: driving while intoxicated, Ordinance No. 1518(2); and, driving with excessive blood alcohol content, Ordinance No. 1518(3). It does not define driving under the influence as a violation. City did not cite or offer evidence of a driving under the influence ordinance. It cannot be discerned, with certainty, under which section of Ordinance 1518 City intended to charge, 1518(2), 1518(3), or some other ordinance.

Section 577.037.5 RSMo Cum.Supp.1993, effective one year before the present charge, provides for dismissal of "any charge alleging a violation ... of any county or municipal ordinance prohibiting *driving while intoxicated* or driving *under the influence* of alcohol ... if a chemical analysis ... demonstrate[s] that there was less then ten-hundredths of one percent of alcohol in defendants blood...." (Our emphasis). From this we learn the legislature has recognized a difference between the offense charged in the information, brought and tried by the prosecutor, and the offense judged by the court. We also learn the municipalities test result, .025, may justify dismissal of a DWI or DUI charge or violation in the appropriate case.

City had a duty to bring the charge in a manner that would remove the ambiguity before trial. Nothing done by the court or defense counsel can diminish that duty. The ambiguity exists because the concept of "driving under the influence" is not defined in the ordinance as a violation and is equally encompassed in both DWI and Blood Alcohol Content charges.

■ The circuit court conviction for Driving While Intoxicated in a de novo trial must be reversed because (a) all of the records of the previous municipal court charge and conviction confirm driving while intoxicated was not charged and not found; and (b) the "amended charge" in the circuit court, as filed by the prosecutor, is ambiguous because it cannot be determined what violation of what section of a city ordinance was intended and the Driving Under the Influence charge was not shown to be a violation of City ordinance.

The judgment and sentence are reversed.

REINHARD, P.J., concurs.

GRIMM, J., dissents in separate opinion.

GRIMM, Judge, dissenting.

I respectfully dissent.

To say the least, this proceeding is not a model. The police officer did not properly complete the Uniform Complaint and Summons and the city attorney did not initially sign it. Nevertheless, the amended Uniform Complaint and Summons was sufficient to charge defendant with a violation of City Ordinance 1518(2), driving while intoxicated.* Further, the evidence supports the conviction and judgment.

---

* This court has held that "lack of a signature by a prosecutor on an information is a minor defect not affecting substantial rights where the defendant has alleged no prejudice therefrom." *State v. Knight,* 764 S.W.2d 656, 658 (Mo.App. E.D. 1988). In addition, failure to cite the statute defining the offense does not make an information insufficient. *See, State v. Hurtt,* 807 S.W.2d 185, 187 (Mo.App. S.D.1991). Defendant neither alleges nor argues that he was prejudiced by these omissions.

## I. Sufficiency of Charge

Defendant received two summonses. One was for failure to show proof of valid insurance; the other was for driving under the influence. At the beginning of the trial, defense counsel pointed out that both summonses referred to the ordinance as § 15. City attorney amended the failure to show proof of valid insurance summons by adding "21", so that the ordinance cited was 1521.

City attorney then amended the second summons by adding "18", so that the ordinance cited was 1518. In response to this change, defense counsel objected, saying, "the same thing on 'in violation of 15' inserted 18 *on the DWI* on Information 920727171. And so, again, he is not being charged with *the proper ordinance violation until it was amended just prior to my objections.*" (Emphasis added). The trial court overruled defendant's objections.

During the trial, the city attorney often referred to the charge as "driving under the influence of alcohol." An examination of city ordinance 1518 provides a possible explanation for his use of that term.

Section 1 of city ordinance 1518 contains definitions. Paragraph (b) of § 1 states: "As used in this Section a person is in an 'intoxicated condition' when he is under the influence of alcohol, a controlled substance, or drug, or any combination thereof." Accordingly, one definition of "intoxicated condition" under the ordinance is a person "under the influence of alcohol."

Section 2, set out in the majority opinion, states a person commits the offense of driving while intoxicated if the person operates a motor vehicle while in an intoxicated condition. Thus, by substituting the term "under the influence of alcohol" for "intoxicated condition," the offense becomes operating a motor vehicle while under the influence of alcohol.

If anything, referring to the charge as "driving under the influence of alcohol" narrows the charge. Under the city ordinance, as well as §§ 577.001.2 and 577.010, RSMo 1994, a charge of "driving while intoxicated" encompasses (1) under the influence of alcohol, (2) under the influence of a controlled

substance, (3) under the influence of drug, or (4) under the influence of any combination thereof. Thus, I do not see any error, or any prejudice to defendant, by the city attorney using the term "driving under the influence of alcohol." *See also, State v. Primm,* 785 S.W.2d 314, 315 (Mo.App. E.D.1990) ("It is common knowledge a person driving while intoxicated is one driving while under the influence of alcohol."); *State v. Hill,* 812 S.W.2d 204, 205–06 (Mo.App. W.D.1991) (State Trooper told defendant "that the officer believed him to be driving under the influence of alcohol." Nevertheless, defendant was convicted of driving while intoxicated.)

Although § 3(a) of the ordinance is also in the majority opinion, I repeat the section to point out what it does not say. Section 3(a) states:

A person commits the offense of driving with excessive blood alcohol content if he operates a motor vehicle with ten-hundredths of one percent or more by weight of alcohol in his blood.

Section 3(a) does not mention any part of the defined term "intoxicated condition," such as "under the influence of alcohol, a controlled substance, or drug, or any combination thereof." Nor does it mention "driving while intoxicated" or "intoxicated or drugged conditions," all terms used in § 2 concerning the offense of "driving while intoxicated."

Thus, on its face, the charge defendant received, "Drive Under The Influence of Alcohol (DUI .025)," does not contain any language appropriate for a charge under § 3. Rather, it uses terms compatible with §§ 1 and 2 of the ordinance.

Although the majority opinion finds the information ambiguous as to what was charged, defense counsel did not, and his comments so reflect. Defense counsel referred to the charge as driving while intoxicated. He did this at the beginning of the trial. When discussing the amendment to the information, he referred to the offense as "DWI." Also, he said defendant was not being charged with "the proper ordinance viola-

tion until it was amended just prior to my objections."

Later, defendant called the arresting officer as a witness. Defense counsel asked the officer if he "still decided to give the Defendant a DWI." Although the charge was certainly not a model, it was neither ambiguous nor insufficient.

## II. Sufficiency of Evidence

In determining the sufficiency of the evidence, an appellate court must accept as true all evidence tending to prove guilt, together with inferences favorable to the prosecution, which can be reasonably drawn therefrom. *State v. Wilson*, 846 S.W.2d 796, 797 (Mo. App. S.D.1993). Further, an appellate court is to disregard all contrary evidence and inferences. *Id.*

Also, an appellate court does not weigh the evidence. Rather, an appellate court determines only if there was sufficient evidence from which the trial court could have reasonably found defendant guilty. *Id.* Here, the evidence was sufficient.

The arresting officer said defendant was stopped at a sobriety checkpoint. When defendant responded to a question, the officer "smelled an odor [on defendant] that [he] thought possibly was something that would be in line with alcoholic beverages." When asked whether the odor was faint, medium, or strong, the officer replied "just a moderate odor." Defendant acknowledged he had "two drinks earlier."

This officer watched another officer administer field sobriety tests. He arrested defendant based on his "observations of [defendant's] actions even before the breath test."

Another officer smelled an odor associated with alcohol on defendant's breath. This officer testified defendant's "eyes were bloodshot and glassy," his "pupils were slightly dilated," and when defendant turned to face the officer, defendant was "unsure about his stability."

This officer administered five field sobriety tests. Defendant failed all five tests.

The majority opinion refers to § 577.037.5 RSMo 1994, and concludes that the blood alcohol "test result, .025, may justify dismissal" of the charge. Op. at 877. I agree. However, that result is not mandated. Following the portion quoted in the majority opinion, the statute continues and recognizes that a low test result alone does not require a dismissal. Section 577.037.5 continues by saying, "unless one or more of the following considerations cause the court to find a dismissal unwarranted:

\*　　\*　　\*　　\*　　\*　　\*

(3) There is substantial evidence of intoxication from physical observations of witnesses or admissions of the defendant."

It has often been said that in a court-heard case, this court is required to uphold the trial court's decision unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *State v. Kreyling*, 890 S.W.2d 414, 416 (Mo.App. E.D.1995). Under this standard of review, I would affirm the trial court's judgment.