**STATE of Missouri, Plaintiff–Respondent,**

v.

**John A. BALL, Defendant–Appellant.**

**No. 25179.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 27, 2003.

Gary L. Collins, Springfield, for appellant.

Darrell L. Moore, Greene County Prosecuting Attorney, Mark E. Brinkman, Greene County Assistant Prosecuting Attorney, Springfield, for respondent.

PHILLIP R. GARRISON, Judge.

John A. Ball ("Defendant") appeals his conviction of the class B misdemeanor of driving while intoxicated, a violation of § 577.010.[1] In his single point on appeal, Defendant contends that there was insufficient evidence upon which the trial court could have found him guilty. He argues that he overcame the rebuttable presumption of intoxication as a result of a breathalyzer test because he failed only one field sobriety test that provided a sixty-four percent indication of intoxication, he passed two other field sobriety tests, and his failure of the one field sobriety test was because of a physical ailment. We affirm.

█ In reviewing a challenge to the sufficiency of the evidence in a criminal case, we are limited to a determination of whether sufficient evidence was presented from which a reasonable trier of fact might have found the defendant guilty beyond a reasonable doubt. *State v. Hughes,* 978 S.W.2d 24, 26 (Mo.App. W.D.1998). We must view all of the evidence, together with any reasonable inferences that may be drawn therefrom, in the light most favorable to the State and must disregard all evidence and inferences to the contrary. *State v. Teaster,* 962 S.W.2d 429, 430 (Mo. App. S.D.1998).

On March 27, 2001, Springfield, Missouri police officer Paul Callaway ("Officer Callaway") was traveling behind a car, driven by Defendant, that weaved within its own lane and then swerved into the oncoming lane. Defendant's vehicle then suddenly pulled onto the right shoulder of the road and stopped. As Officer Callaway passed the vehicle, he noticed that Defendant appeared very nervous and seemed to be watching him to see if he was going to stop or turn around. Officer Callaway drove around the block and when he came back by, he saw that Defendant's vehicle was again in motion, and noticed that it again weaved in its own lane of travel. Officer Callaway then stopped Defendant's vehicle.

Officer Callaway, who had received training in the observation of intoxicated persons and had worked as a police officer for two years, approached Defendant's vehicle and detected the smell of intoxicants from Defendant and noticed that his eyes were watery and bloodshot. Officer Callaway then asked Defendant to perform some field sobriety tests. Defendant told Officer Callaway that he had an injury to an ankle or leg, so he was not asked to perform a walk-and-turn test. He did perform a one-leg stand test and a horizontal

---

1. All references to statutes are to RSMo (2000) unless otherwise indicated.

gaze nystagmus test. In administering the one-leg stand test, Officer Callaway told Defendant to use the leg that wasn't injured, and he observed that Defendant used his arms to balance, swayed, and put his foot down twice. According to Officer Callaway, those observations constituted three clues of intoxication, and two or more such clues indicate a blood alcohol content ("BAC") of .10 percent or more. The results of the horizontal gaze nystagmus test were not introduced in evidence. Officer Callaway testified that Defendant performed the "alphabet" and "counting" tests without mistakes. Officer Callaway then placed Defendant under arrest for driving while intoxicated. Defendant, who told Officer Callaway that he had consumed two beers, took a breath test that resulted in a BAC reading of .143 percent.

■ "A person commits the crime of 'driving while intoxicated' if he operates a motor vehicle while in an intoxicated or drugged condition." Section 577.010.1. Thus, the elements of the offense of driving while intoxicated are twofold: that the defendant operated a motor vehicle and that he did so while in an intoxicated or drugged condition. *State v. Austin,* 861 S.W.2d 334, 336 (Mo.App. S.D.1993). The only issue raised here relates to the sufficiency of the evidence to prove the "intoxication" element of the offense.

■ Pursuant to § 577.037 if there is ten-hundredths of one percent or more by weight of alcohol in a person's blood, as shown by a chemical analysis of that person's blood, there is prima facie evidence that the person was intoxicated at the time the specimen was taken.[2] In this case, the breath test administered to Defendant one hour after his arrest showed a blood alcohol content of .143 percent. This alone

provided a prima facie case of intoxication. *See State v. Gideon,* 766 S.W.2d 153, 156 (Mo.App. S.D.1989). Together with the other evidence of intoxication: the weaving of Defendant's vehicle, the odor of alcohol about Defendant, his bloodshot and watery eyes, and his failure to successfully perform the one-leg stand test, there was sufficient evidence from which a reasonable trier of fact could have found Defendant guilty.

While Defendant contests the sufficiency of the evidence, he tacitly admits that a prima facie case was made, but argues that it was overcome by the fact that he passed two field sobriety tests, and his failure of the third test, which had only a sixty-four percent validity rate, was because of a physical ailment. Defendant's contention in that regard does not require a reversal.

In *State v. Wilson,* 846 S.W.2d 796 (Mo. App. S.D.1993), we found that there was sufficient evidence to support a conviction of driving while intoxicated where there was no evidence of a breath test being administered, the defendant had a moderate odor of intoxicants about his person, his eyes were watery and bloodshot, and he failed the "walk and turn" and "one leg stand" tests. We upheld the defendant's conviction despite the fact that he had passed two other field sobriety tests, including the "ABC test," and despite the fact that he contended that the reason he did poorly on the balance tests was because he had injuries to both ankles. In doing so, we said that the trial court was not obligated to believe the defendant's testimony that he failed the two field sobriety tests because of his injured ankles, noting that in a court-tried criminal case, determination of credibility of witnesses is a matter for the trial court and it is not

---

2. Section 577.037 was amended, effective September 29, 2001, to provide that a prima facie case is made by a reading of eight-hundredths of one percent or more by weight of alcohol in a person's blood. That amendment became effective after the occurrence of the offense for which Defendant was convicted.

within the province of an appellate court to pass on their credibility. *Id.* at 798. *See also State v. Buckler,* 988 S.W.2d 565, 567 (Mo.App. W.D.1999) (court affirmed conviction of driving while intoxicated even though the defendant testified that he did poorly on the walk-and-turn test and was unable to complete the one-leg stand test because of physical disabilities to his left ankle and right knee. The court said that credibility of the witnesses is for the trial court, which was free to believe or disbelieve the defendant's testimony regarding his physical disabilities).

The facts in *Wilson* are substantially similar in many respects to those here, but are even less persuasive because here there was a breath test that alone provided a prima facie case. We again note that under the applicable standard of review, we are to disregard all evidence and inferences other than those that are most favorable to the State. Based on these factors, Defendant's point is denied.

The judgment is affirmed.

BARNEY, P.J., and PREWITT, J., concur.