STATE of Missouri, Respondent,

v.

Robert TYLER, Appellant.

No. SD 28713.

Missouri Court of Appeals,
Southern District,
Division One.

March 23, 2009.

Petition for Rehearing or Reconsideration
and
Transfer Denied April 14, 2009.

Application for Transfer Denied
May 26, 2009.

Herman Guetersloh, Rolla, Carl M. Ward, Washington, for Appellant.

Nicholas P. Chlysta, Rolla, for Respondent.

DANIEL E. SCOTT, Presiding Judge.

Appellant appeals his jury conviction for driving while intoxicated (DWI). He does not challenge the sufficiency of the evidence, which viewed favorably to the result, showed that Appellant drove a motor vehicle, while in an intoxicated condition, and refused to submit to a breathalyzer test.

**Alleged Instructional Error**

At the instruction conference, the State tendered MAI–CR 3d 331.02, which is the approved pattern verdict director for DWI:

Instruction No. 5

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about November 29, 2003, near the intersection of 7th St. and Elm St. in the County of Phelps, State of Missouri, the defendant operated a motor vehicle, and

Second, that he did so while in an intoxicated condition, Then you will find the defendant guilty of driving while intoxicated.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

As used in this instruction, the term "intoxicated condition" means under the influence of alcohol.

Appellant objected and proposed an alternative similar to MAI–CR 3d 331.02, but with two additional elements (italicized below):

### Instruction A

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about November 29, 2003, near the intersection of 7th St. and Elm St. in the County of Phelps, State of Missouri, Mr. Robert Tyler operated a motor vehicle, and

Second, that he did so while in an intoxicated condition, and

*Third that Mr. Tyler's ability to operate a motor vehicle was impaired, and*

*Fourth, that being intoxicated caused the impaired ability to operate a vehicle*

then you will find the defendant guilty of driving while intoxicated.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

As used in this instruction, the term "intoxicated condition" means under the influence of alcohol.

The trial court rejected Appellant's alternative and submitted the MAI–CR 3d 331.02 pattern instruction. The jury found Appellant guilty.

Appellant's sole appeal point asserts instructional error. Appellant characterizes the pattern instruction as erroneous and prejudicial, "in that it did not include all the elements of the offense as laid out by" this court's opinion in *State v. Hoy,* 219 S.W.3d 796 (Mo.App.2007). Appellant claims, again citing *Hoy,* that his proposed Instruction A "added two legally required elements necessary" to convict him of DWI.

### Analysis

■ MAI–CR 3d 331.02 reflects what is established by statute and case law— DWI is an offense consisting of two elements: (1) operating a motor vehicle (2) while in an intoxicated or drugged condition. "A person commits the crime of 'driving while intoxicated' if he operates a motor vehicle while in an intoxicated or drugged condition." RSMo § 577.010.1, *quoted in Hoy,* 219 S.W.3d at 801. "Thus, the elements of the offense of driving while intoxicated are twofold: that the defendant operated a motor vehicle and that he did so while in an intoxicated or drugged condition." *State v. Ball,* 113 S.W.3d 677, 679 (Mo.App.2003).

*Hoy* does not hold or suggest differently, notwithstanding Appellant's assertions. In *Hoy,* this court addressed the impairment and causation issues now asserted by Appellant, but did not call or treat them as "elements" of a DWI case. The only DWI "element" discussed was intoxication; at issue was the sufficiency of the evidence thereon; and impairment and causation were addressed within that analysis. *See* 219 S.W.3d at 802, 806–08.[1]

Appellant's proposed modifications, if viewed as evidentiary facts, would violate MAI's fundamental principle of submitting

---

1. *Hoy* is distinguishable from this case in other respects as well. *Hoy* was an appeal from a bench trial (219 S.W.3d at 800), so no jury instructions were involved. The opinion primarily involved the admissibility (*Id.* at 808–11) and sufficiency (*Id.* at 800–08) of DWI evidence where the defendant submitted to a breathalyzer, got a zero reading, but was convicted based on expert testimony that he was driving in a drugged condition. *Id* at 798–800.

only ultimate facts for the jury's determination. *See State Farm Mut. Auto. Ins. Co. v. Jessee*, 523 S.W.2d 832, 835 (Mo. App.1975). Nor could they be justified as definitions. As submitted to the jury, MAI–CR 3d 331.02 already defines "intoxicated condition" as being "under the influence of alcohol," which again is consistent with statute and case law. *See* RSMo § 577.001.3; *State v. Cox*, 478 S.W.2d 339, 342 (Mo.1972). Indeed, at least two cases have criticized verdict director modifications similar to Appellant's. *See State v. Johnson*, 625 S.W.2d 934, 936 (Mo.App. 1981), which disapproved, as an impermissible deviation from MAI, this italicized change to the intoxication element: "Second, that he did so while intoxicated *to such an extent that his ability to operate a motor vehicle was impaired in any manner*...." *See also Cox*, 478 S.W.2d at 342, which criticized a pre-MAI instruction for qualifying the element of intoxication "to such an extent that it interfered with [the defendant's] ability to properly operate such motor vehicle."

Rule 28.02(c) requires an applicable MAI–CR instruction to be used to the exclusion of any other instruction. "It has been the policy of the courts to require strict compliance with the requirements of MAI. In general, when an MAI is applicable, its use is mandatory and any deviation from or unnecessary modification of the applicable MAI is presumptively prejudicial." *Angeles v. Larson*, 249 S.W.3d 278, 281 (Mo.App.2008)(internal citations and quotation marks omitted).

MAI–CR 3d 331.02 was applicable and properly used. There was no error.

### Conclusion

Although we deny Appellant's point, one matter requires action. The judgment is mistitled "Plea of Guilty," an error correctable on remand under Rule 29.12. *See*

*State v. Fuller*, 267 S.W.3d 764, 767 (Mo. App.2008); *State v. Goss*, 259 S.W.3d 625, 628 (Mo.App.2008). Thus, we affirm the conviction and remand the case to the trial court with instructions to enter a corrected judgment accurately reflecting the nature of the proceedings below.

BARNEY and BATES, JJ., Concur.