

# Missouri Court of Appeals

## Southern District

### Division Two

STATE OF MISSOURI,          )
                               )
          Respondent,     )
                               )
    vs.                        )      No. SD33592
                               )      Filed: November 17, 2015
JAY WENDELL MOFFETT,    )
                               )
          Appellant.      )

### APPEAL FROM THE CIRCUIT COURT OF POLK COUNTY

#### Honorable Michael O'Brien Hendrickson, Circuit Judge

### AFFIRMED

Jay Wendell Moffett ("Moffett") was convicted of driving while intoxicated ("DWI"), a violation of section 577.010,[1] following a jury trial. On appeal, Moffett raises two points contending that the trial court erred in allowing certain witness testimony (the majority of which was offered without objection) that Moffett was intoxicated at the time of the charged crime. Finding no merit in Moffett's claims, we affirm.[2]

---

[1] All statutory references are to RSMo Cum.Supp. 2010. All rule references are to Missouri Court Rules (2015).

[2] Given the narrow scope of Moffett's appeal, we set forth only those facts necessary to complete our review. We view the evidence and all reasonable inferences in the light most favorable to the verdict. *State v. Bateman*, 318 S.W.3d 681, 687 (Mo. banc 2010).

**Facts and Procedural Background**

On the evening of August 22, 2013, Moffett got into his truck and drove into the nearby driveway of Brittney Small's ("Small") residence, clipped her vehicle, and hit her dog house. Both Small and her brother, Charles Zornes ("Zornes"), were present and witnessed Moffett's behavior before and after the collision. Small called 911, and Sergeant Abe Dickerson ("Sergeant Dickerson") and Deputy Michael Johnson ("Deputy Johnson") of the Polk County Sheriff's Office, responded. Once Moffett exited his truck, a bottle of vodka was found in the driver's seat. Additionally, Moffett refused to consent to the administration of a breathalyzer test.

At Moffett's trial for DWI, Small, Zornes, Sergeant Dickerson, and Deputy Johnson testified for the prosecution. We recount their testimony concerning Moffett's conduct and appearance on the evening of the charged crime.

Small testified that before the collision, Moffett had been stumbling and slurring his speech. He then got into his truck, drove off "really fast" whereupon the collision occurred. Upon approaching Moffett's truck, Small overheard Moffett claim that he was Kid Rock, that he was going to be president, and that he was going to marry either Beyoncé or Rihanna. While Moffett was talking, Small noticed that he slurred his speech, was "real sluggish," jumped from subject to subject, and was alternatively happy or emotional. According to Small, Moffett "smelled like he had been dumped in a tub full of alcohol."

Zornes testified he observed that Moffett had great difficulty operating the standard transmission on the pickup truck. When Zornes approached Moffett's truck after the collision, Moffett wanted to show Zornes some drawings, was talking about Rihanna, and "was slurring

2

like he was drunk." Zornes stated that Moffett smelled like he had been drinking, his eyes were bloodshot, and he was stumbling.

Both Sergeant Dickerson and Deputy Johnson testified that, upon confronting Moffett, they noted a strong odor of intoxicants. In addition, both officers noted that Moffett's eyes were bloodshot and watery, and that his speech was slurred and incoherent. The officers further testified that Moffett appeared agitated, could not stand erect, and needed to use the vehicle to balance himself.

After providing the respective aforementioned testimonies, each witness—Small, Zornes, Sergeant Dickerson, and Deputy Johnson—opined that Moffett had been intoxicated at the time of the collision. Defense counsel objected to Small's opinion on the basis of inadequate foundation; Zornes, Sergeant Dickerson, and Deputy Johnson, however, each provided their opinions without objection.

In two separate points, Moffett contends that the trial court: (1) abused its discretion in overruling defense counsel's objection to Small's opinion, and (2) committed plain error in not *sua sponte* preventing Zornes, Sergeant Dickerson, and Deputy Johnson from testifying as to their opinions. Moffett characterizes these witnesses as lay witnesses and asserts that their opinions lacked adequate foundation in that the witnesses "were never asked if they had in the past had opportunities to observe individuals while they were intoxicated." Given their similar nature, we analyze Moffett's points together.

Thus, the issue presented for our determination is whether the State laid a sufficient foundation for the admission of the witnesses' opinions that Moffett was intoxicated.

**Standard of Review**

The trial court has broad discretion to admit or exclude evidence, and the appellate court will reverse only upon a showing of a clear abuse of discretion. *State v. Simmons*, 944 S.W.2d 165, 178 (Mo. banc 1997). The trial court has wide latitude in ruling on whether to admit or exclude evidence, and an abuse of discretion will be found only if the trial court's ruling clearly offends the logic of the circumstances or appears arbitrary and unreasonable. *State v. Strughold*, 973 S.W.2d 876, 887 (Mo.App. E.D. 1998).

For unpreserved claims of error, we only review for plain error. *See* Rule 30.20. Reversal of a judgment on the grounds of plain error requires proof of two things. First, the error must be plain—that is, evident, obvious, and clear. *State v. White*, 222 S.W.3d 297, 300 (Mo.App. W.D. 2007). Second, the failure to correct the error would produce a manifest injustice or miscarriage of justice. *Id.* An assertion of plain error places a much greater burden on a defendant than when he asserts claims of error, which were properly raised before the trial court. *State v. Hunn*, 821 S.W.2d 866, 869 (Mo.App. E.D. 1991).

**Analysis**

We begin by noting that Moffett's brief concedes the applicable rule: "[l]ay witnesses may give an opinion on the intoxication of another if preceded by *evidence of conduct and appearance* observed by them to support the opinion." *State v. Wilson*, 846 S.W.2d 796, 798 (Mo.App. S.D. 1993) (emphasis added); *see also* *State v. Davidson*, 242 S.W.3d 409, 414 (Mo.App. E.D. 2007) ("[A] witness who personally observed events may testify to 'his "matter of fact" comprehension of what he has seen in a descriptive manner which is actually a conclusion, opinion or inference, if the inference is common and accords with the ordinary

4

experiences of everyday life.'") (quoting *State v. Gray*, 731 S.W.2d 275, 285 (Mo.App. W.D. 1987)).

As outlined *supra*, all four witnesses provided testimony describing Moffett's conduct and appearance before ultimately opining that he was intoxicated. Moffett raises no argument that any of this testimony was insufficient to support or inconsistent with an opinion of intoxication. The applicable rule as stated in *Wilson* does not require, as Moffett would have it, that a witness *expressly* testify that he or she is familiar with the conduct and appearance of an intoxicated person before being permitted to opine about whether a defendant was intoxicated. Rather, the inference that a defendant is intoxicated is common and accords with the ordinary experiences of everyday life.

Moreover, Moffett ignores the fact that Sergeant Dickerson and Deputy Johnson *did* provide testimony regarding their applicable experience. Sergeant Dickerson stated he had taken an eight-hour course on standard field sobriety testing. Deputy Johnson stated he was certified in DWI training, as well as specialized training with regard to field sobriety tests. Both officers had a good opportunity to observe Moffett, and Missouri courts have held that law enforcement officers are more qualified than "the average witness" to give opinions as to a defendant's intoxication. *See State v. Barrett*, 744 S.W.2d 856, 858 (Mo.App. S.D. 1988).

In light of this record, Moffett has failed to convince us that the trial court abused its discretion in admitting the opinion testimony, much less committed plain error. The judgment of the trial court is affirmed.

WILLIAM W. FRANCIS, JR., J. – AUTHOR

DON E. BURRELL, P.J. - Concurs

GARY W. LYNCH, J. – Concurs

5