STATE of Missouri, Respondent,

v.

Victor L. WHITE, Appellant.

No. WD 65067.

Missouri Court of Appeals,
Western District.

April 10, 2007.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 29, 2007.

Rosemary E. Percival, Kansas City, MO, for Appellant.

Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

Before HOLLIGER, P.J., SMITH and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Victor White was convicted by jury of second-degree murder and armed criminal action. On appeal, White contends the trial court plainly erred in failing to give jury instructions on self-defense and defense of a third person. For reasons explained herein, we reverse and remand.

### Factual and Procedural History

On October 4, 2004, Timothy Hayes was visiting with his sister, Angela, and a close friend known as Uncle Rocky. Angela stated that she had been beaten up two days earlier by Victor White, another friend of Hayes. After drinking a couple of beers, Hayes became angry and decided to confront White.

Hayes, Angela, and Uncle Rocky walked over to White's mother's house. Hayes barged in the front door and confronted White about the assault on Angela. Several persons were present in the home, including White's mother, Jessie, his sister, Mabel, and his cousin, John Eddington. An argument ensued, during which Hayes punched White, knocking him into the refrigerator. White fought back. Mabel joined in the fight by pulling Hayes's hair and punching him. Hayes made threats to kill Mabel and to "break [White's] neck." During the fight, a gun fell out of White's pants and onto the floor. Hayes and White wrestled for control of the gun. As Uncle Rocky stepped in to restrain Hayes, White grabbed the gun and fired a shot. Hayes was shot in the back of the head. He died two days later from the gunshot wound.

White was charged with second-degree murder, Section 565.021,[1] and armed criminal action, Section 571.015. At the jury trial, White testified the shooting was accidental. The jury convicted him on both charges. The court entered judgment on the verdict, sentencing White to concurrent prison terms of twenty years for second-degree murder and five years for armed criminal action. White appeals.

### Analysis

White contends the circuit erred in failing to instruct the jury on the use of force in self-defense and defense of a third person. Although he did not assert those justification defenses at trial, White argues the court was required to give MAI–CR3d 306.06 and 306.08, *sua sponte*, because the instructions were supported by the evidence. White seeks plain error review, because he failed to request the instructions at trial and, thus, did not preserve his claims for appeal. We need only ad-

---

1. All statutory citations are to the Revised Missouri Statutes (2000), unless otherwise in-

dicated.

dress the instructional error on self-defense, as that claim is dispositive of the appeal.

■ Pursuant to Rule 30.20, we have discretion to review for "plain errors affecting substantial rights ... when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." The review involves two steps. "First, we must decide whether the claim facially establishes an error that is evident, obvious, clear and affected substantial rights." *State v. Angle*, 146 S.W.3d 4, 13 (Mo.App. 2004). If we find plain error, we can proceed to the second step and consider whether manifest injustice will result if the error is left uncorrected. *Id.* For instructional error to rise to the level of manifest injustice, the trial court must have misdirected or failed to instruct the jury such that the instructional error affected the jury's verdict. *State v. Everage*, 124 S.W.3d 11, 15 (Mo.App.2004).

■ To establish justification for self-defense, there must be substantial evidence of four elements: (1) an absence of aggression or provocation by the defendant; (2) a real or apparent necessity for the defendant to kill to save himself from an immediate danger of serious bodily injury; (3) a reasonable cause for the defendant to believe in such necessity; and (4) an attempt by the defendant to do all in his power consistent with his personal safety to avoid the danger and the need to take a life. *State v. Avery*, 120 S.W.3d 196, 200–01 (Mo. banc 2003). Upon evidence of such justification, "the State has the burden to prove beyond a reasonable doubt that [the defendant] did not act in lawful self-defense, and the jury must be instructed accordingly." *State v. Beck*, 167 S.W.3d 767, 780 (Mo.App.2005)

■ A jury instruction on self-defense is required when substantial evidence is presented to support it. MAI–CR3d 306.06, Notes on Use 2. The trial court must give the instruction regardless of whether the evidence supporting the justification defense is inconsistent with the defendant's testimony or theory of the case. *Avery*, 120 S.W.3d at 200. The instruction also must be given regardless of whether it was requested. *Beck*, 167 S.W.3d at 780. Failure to submit a self-defense instruction constitutes reversible error if the defense was supported by the evidence. *Avery*, 120 S.W.3d at 200.

■ White's defense theory at trial was that the shooting was accidental. In general, an accident defense and self-defense are inconsistent because the former involves unintentional conduct while the latter involves an intentional but justified killing. *Id.* at 201. However, self-defense is submissible, even when the defendant claims the shooting was accidental, if the inconsistent evidence of self-defense is offered by the State or by the defendant through the testimony of a third party. *Id.*

■ In considering whether the trial court erred in failing to instruct the jury on a justification defense, we view the evidence in a light most favorable to the defendant. *State v. Westfall*, 75 S.W.3d 278, 280 (Mo.banc 2002). If the evidence tends to establish a theory of self-defense, or supports differing conclusions, the instruction must be given. *Id.* This is because any conflict in the evidence is to be resolved by a jury properly instructed on the issues. *State v. Zumwalt*, 973 S.W.2d 504, 507 (Mo.App.1998).

Viewed in a light most favorable to White, the State presented evidence that Hayes had been drinking and was angry when he burst into White's mother's home to confront White about the earlier assault on Hayes's sister. Without any apparent

provocation or aggression from White, Hayes hit White in the face so hard that White fell into the refrigerator, causing it to tip. White got up and began fighting back. White's sister, Mabel, went to assist White by pulling Hayes's hair and punching him in the face. Hayes threatened to kill Mabel. Hayes also threatened to "f—— [White] up and break [his] neck." Although Eddington and Uncle Rocky tried to pull Hayes off of White and break up the fight, they were unable to do so and Hayes kept swinging. A gun fell out of White's pants during the scuffle. White and Hayes wrestled for the gun. White was able to grab the gun when Uncle Rocky made another attempt to restrain Hayes. White fired a single shot that struck and fatally injured Hayes.

A witness for the State testified that White fired the gun as a defensive measure against Hayes. In light of Hayes's persistent aggression and verbal taunts, White had reasonable cause to believe that Hayes would grab the loose gun and carry out his threat to cause death or serious injury. The evidence also supports a finding that White did all he could to avoid using deadly force. At least three people had tried without success to stop Hayes from attacking White. Hayes's relentless pursuit and his struggle over the loaded weapon left White in the position of having to shoot first or risk being shot. Although White could have pursued a different course of action, the reasonableness of such other conduct was a factual issue for jury determination. *State v. Miller*, 91 S.W.3d 630, 636 (Mo.App.2002). The State's evidence was sufficient to show that White acted in self-defense. Accordingly, the trial court plainly erred in failing to instruct the jury on the use of force in self-defense, pursuant to MAI–CR3d 306.06.

Having found plain error, we must now decide whether the failure to properly instruct the jury resulted in manifest injustice. Rule 30.20. It must be emphasized that the self-defense instruction is mandated by the MAI and the Notes on Use, where supported by the evidence. MAI–CR3d 306.06, Notes on Use 2. A trial court's failure to give mandatory instructions is presumed prejudicial unless the State clearly establishes that the error did not result in prejudice. *Westfall*, 75 S.W.3d at 284. Missouri courts have repeatedly found manifest injustice or miscarriage of justice in the failure to instruct, or properly instruct, on self-defense. *Beck*, 167 S.W.3d at 789; *State v. White*, 92 S.W.3d 183, 193 (Mo.App.2002); *State v. Reynolds*, 72 S.W.3d 301, 306 (Mo. App.2002); *State v. Howard*, 896 S.W.2d 471, 482–83 (Mo.App.1995). "Even if no objection is made, the failure to instruct upon a defense supported by the evidence is plain error affecting substantial rights." *Westfall*, 75 S.W.3d at 281.

By omitting the jury instruction on justification, the trial court completely relieved the State of its burden to prove beyond a reasonable doubt that White did not act in self-defense. Substantial evidence of self-defense was presented at trial but the jury was given no means by which to consider it in reaching a verdict. White was prejudiced by the instructional error because the jury could have believed that he was justified in using deadly force to protect himself. The error affected the jury's deliberative process and, most likely, its verdict, thereby resulting in manifest injustice.

## CONCLUSION

White's convictions are reversed and the cause remanded for new trial. On remand, the circuit court shall determine whether substantial evidence is presented

at the new trial to support justification for use of force in self-defense and/or in defense of a third person. If so, the jury shall be instructed accordingly.

All concur.