**STATE of Missouri, Respondent,**

v.

**Larry W. SEAY, Appellant.**

**No. ED 89788.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 24, 2008.

Edward S. Thompson, St. Louis, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Jayne T. Woods, Asst. Attorney General, Jefferson City, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Larry Seay ("Defendant") appeals from the judgment upon his conviction, following a jury trial, of assault in the third degree in violation of Section 565.070, RSMo 2000.[1] Defendant argues the trial court plainly erred in failing to instruct the jury, *sua sponte*, on the defense of justification for use of force by a person entrusted with the care of a minor where there was sufficient evidence to support giving the instruction. We reverse and remand.

The State charged Defendant with felony child abuse, Section 568.060, and assault in the third degree, Section 565.070. The following evidence was adduced at trial. On September 1, 2004, Victim, who was six-years old, and her younger brother were at Defendant's house while their mother was at work. Defendant, the ex-boyfriend of Victim's mother, was unrelated to Victim and her brother, but he often baby-sat the children while their mother worked. While baby-sitting that evening, Defendant made Victim and her brother sandwiches for dinner. Upon discovering that Victim would not eat her sandwich and instead tried to give it to her brother, Defendant struck Victim two to three times with an open-hand on both sides of her face. This caused bruising and swelling to both sides of Victim's face.

When Victim got to school the next morning, she told the school nurse what had happened. The nurse informed the school resource officer who, after interviewing Victim and observing bruising on her face, reported the incident to the county child abuse unit and the St. Louis City Police Department. The school resource officer contacted Defendant, who was listed as Victim's guardian at her school, and Defendant and Victim's mother went to Victim's school. With her mother's approval, Victim was subsequently taken to the hospital and examined by a doctor. The doctor testified Victim had bruising on both sides of her face.

Defendant testified Victim had a history of bad eating habits, and he wanted her to eat her sandwich. Defendant further testified that he repeatedly told Victim to eat

---

1. All further statutory references are to RSMo.2000 unless otherwise indicated.

her sandwich that night and struck Victim to discipline her for failing to follow specific instructions. Defendant testified he slapped Victim from no more than two or three inches away from her face. Defendant stated he only tapped Victim on her face to "get her attention."

A jury convicted Defendant of assault in the third degree, a class A misdemeanor, but acquitted Defendant of the felony child abuse charge. The trial court entered its judgment in accordance with the jury verdict and sentenced Defendant to 365 days of imprisonment. This appeal follows.

■ In his sole point on appeal, Defendant claims the trial court plainly erred in failing to submit an instruction, *sua sponte*, patterned after MAI–CR3d 306.20 [2] and Section 563.061 [3], because there was sufficient evidence adduced at trial to inject the issue of justification and

---

2. MAI–CR3d 306.20, provides a justification for the use of force by persons entrusted with the care and supervision of a minor or incompetent and provides, in pertinent part:

**PART A—GENERAL INSTRUCTIONS**

One of the issues (as to Count ——) (in this case) is whether the use of force by the defendant against [*name of victim*] was to promote the welfare of (a minor) (an incompetent). In this state, the use of force by a person who is entrusted with the care and supervision of (a minor) (an incompetent) is lawful in certain situations.

A (parent) (or) (guardian) (or) (person) entrusted with the care of and supervision of (a minor) (an incompetent) may use force when he reasonably believes that the force used is necessary to promote the welfare of such (minor) (incompetent) (.)(,)

[*Add the following phrase when there is an issue as to whether excessive force was used.*] provided the force used is not designed to cause or believed to create a substantial risk of causing (death) (or) (serious physical injury) (or) (disfigurement) (or) (extreme pain) (or) (extreme emotional distress).

[Include the following paragraph in ALL cases]

As used in this instruction, the term "reasonable belief" means a belief based on reasonable grounds, *that is, grounds which could lead a reasonable person in the same situation to the same belief. This depends upon how the facts reasonably appeared. It does not depend upon whether the belief turned out to be true or false.*

**SPECIFIC INSTRUCTIONS**

On the issue of the use of force to promote the welfare of (a minor) (an incompetent) (as to Count ——) (in this case), you are instructed as follows:

■ [*This paragraph will be used in ALL cases.*]

If the defendant was a (parent) (or) (guardian) (or) ( [*Describe position of other person.*] ) entrusted with the care and supervision of [*name of victim*], (a minor) (an incompetent), and reasonably believed that use of force against [*name of victim*] was necessary to promote the welfare of such (minor) (incompetent),

[*Add the following phrase when there is an issue as to whether excessive force was used.*] and that the defendant did not use force which was designed to cause death nor which defendant believed would create a substantial risk of (death) (or) (serious physical injury) (or) (disfigurement) (or) (extreme pain) (or) (extreme emotional distress),

[*Include the following phrase in ALL cases.*]

then the defendant's use of force was lawful.

■ [*This paragraph must be used in ALL cases.*]

The state has the burden of proving beyond a reasonable doubt that the defendant did not act in the lawful promotion of the welfare of [*name of victim*]. Unless you find beyond a reasonable doubt that the defendant did not act in the lawful promotion of the welfare of [*name of minor*], you must find the defendant not guilty (under Count ——).

3. Section 563.061, provides, in relevant part, "the use of physical force by an actor upon another person is justifiable when the actor is a parent, guardian or other person entrusted with the care and supervision of a minor . . . .and (1) the actor reasonably believes that the force used is necessary to promote the welfare of a minor . . . and (2) the force used is not designed to cause or believed to create a substantial risk of causing extreme pain."

thus, the trial court was required to give the instruction.

Defendant concedes he did not properly preserve his claims of instructional error for appellate review because he did not offer a justification instruction, and this claim was not included in the alleged motion for new trial.[4] *See* Rule 28.03. Defendant, therefore, requests plain error review, pursuant to Rule 30.20.

■ Pursuant to Rule 30.20, we have discretion to review for "plain errors affecting substantial rights ... when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." This review involves two steps. *State v. White*, 222 S.W.3d 297, 300 (Mo.App. W.D. 2007). First, we must decide whether the claim facially establishes an error that is evident, obvious, and clear, and that affected substantial rights. *Id.* If we find plain error, we proceed to the second step and consider whether manifest injustice will result if the error is left uncorrected. *Id.* For instructional error to rise to the level of manifest injustice, the trial court must have misdirected or failed to instruct the jury such that the instructional error affected the jury's verdict. *Id.*

■ The MAI for justification of use of force by a person entrusted with the care and supervision of a minor, MAI–CR3D 306.20, is included in 306.00 series entitled "INSTRUCTIONS REQUIRED WHETHER REQUESTED OR NOT." However, the defendant still has the "burden of injecting the issue" of the use of force by a person entrusted with the care and supervision of a minor. MAI–CR3d 306.20, Notes on Use 2. "Whenever there is evidence supporting this defense, an in-

struction must be given." Id. To determine whether a defendant has presented sufficient evidence to inject the issue of a justification defense, the evidence and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the defendant. *State v. Hashman*, 197 S.W.3d 119, 128 (Mo.App. W.D.2006); *State v. Goodine*, 196 S.W.3d 607, 613 (Mo. App. S.D.2006). A defendant's burden is only a burden to introduce evidence. *Hashman*, 197 S.W.3d at 128; *Goodine*, 196 S.W.3d at 613. Therefore, the entire trial record must be examined in a light most favorable to the defendant because "[i]f the evidence tends to establish the defendant's theory, or supports differing conclusions, the defendant is entitled to an instruction on [that theory]." *Goodine*, 196 S.W.3d at 613 *quoting State v. Avery*, 120 S.W.3d 196, 200 (Mo. banc 2003).

Here, Defendant admitted that he slapped Victim. Defendant testified that he was acting as Victim's caretaker. Defendant baby-sat for Victim for over three years prior to the incident. Defendant explained at trial that slapping Victim was a form of discipline. Defendant testified that he disciplined her for not following his specific instruction to eat her sandwich. Defendant also testified he was concerned about Victim's eating habits and wanted to make sure she ate good food. Defendant met his burden of injecting the issue of justification and trial. Moreover, the evidence was sufficient to support giving the justification instruction.

The State argues Defendant was not entitled to the justification instruction because the evidence demonstrated that the force used was excessive causing extreme pain. The Notes on Use 3 for MAI–CR3d

---

4. The record reflects that the trial court reviewed a motion for new trial. This motion was not included in the legal file and the docket entries do not reflect that one was ever filed. Further, there is no evidence of the arguments raised in the alleged motion for new trial.

306.20 discusses the fact that force designed to cause or believed to create a substantial risk of causing death, serious physical injury, disfigurement, extreme pain, or extreme emotional distress is not justified under Section 563.061.1. The Notes on Use 3 further provides "[i]f the evidence in the case leaves no doubt but that such force was used, then the instruction would not be given as it would not then be supported by the evidence." The State contends the evidence shows the force used by Defendant was designed to cause extreme pain to Victim and thus, the justification instruction was not required.

After a review of all the evidence in the light most favorable to Defendant, we cannot say the evidence "leaves no doubt" that the force used by Defendant was designed to cause "extreme pain." Defendant testified he slapped Victim from no more than two or three inches away from her face. Victim testified that when Defendant slapped her "[i]t hurted [sic]." While there was evidence that Victim's face was bruised and swollen, there is not sufficient evidence for this court to determine that the slapping was designed to cause extreme pain to Victim.

To support its argument that the evidence of the bruises was sufficient to show extreme pain, the State cites to the cases of *State v. Sumowski,* 794 S.W.2d 643, 646 (Mo. banc 1990)(finding the defendant's action of striking the victim "in the face with sufficient force to cause bruises which would be visible two days later is a sufficient showing that defendant knowingly inflicted cruel and inhuman punishment") and *State v. Still,* 216 S.W.3d 261, 266 (Mo.App. S.D.2007)(holding punishment is considered cruel and inhuman where a child is "struck with sufficient force and violence so as to leave severe bruises.") The cases cited by the State, however, did not address the issue of extreme pain, but rather found bruising under the facts of those cases was sufficient to show cruel and inhuman punishment. Here, Defendant was acquitted of knowingly inflicting cruel and inhuman punishment on Victim.[5] These cases do not support the State's argument regarding extreme pain, and the State's argument fails because the evidence did not establish without a doubt that Defendant's actions caused extreme pain to Victim.

Defendant injected the issue of justification and the evidence supported the giving of the instruction even though it was not requested. Accordingly, the trial court plainly erred in failing to instruct the jury on justification pursuant to MAI–CR3d 306.20.

Having found plain error, we must now decide whether the failure to properly instruct the jury resulted in manifest injustice. Rule 30.20. We emphasize that the justification instruction is mandated by the MAI and Notes on Use, where supported by the evidence. MAI–CR3d 306.20, Notes on Use 2. A trial court's failure to give mandatory instructions is presumed prejudicial unless the State clearly establishes that the error did not result in prejudice. *White,* 222 S.W.3d at 301.

Here, by omitting the jury instruction on justification, the trial court completely relieved the State of its burden to prove beyond a reasonable doubt that Defendant

---

**5.** Defendant was charged with abuse of a child in violation of Section 568.060.1(1), which provides, in pertinent part, that a person commits the crime of abuse of a child if the person "[k]nowingly inflicts cruel and inhuman punishment upon a child less than seventeen years old."

was not justified in using force against Victim. Evidence of the justification of the use of force was presented at trial but the jury was not given any means by which to consider it in reaching a verdict.[6] Without the justification instruction, the jury was only allowed to find what was not disputed, that Defendant assaulted Victim, without being allowed to consider the issue of justification. Defendant was prejudiced by the instructional error because the jury could have believed he was justified in using force to discipline Victim. The error affected the jury's deliberative process and, most likely, its verdict, thereby resulting in manifest injustice. *See Id.*

Defendant's conviction is reversed and the cause is remanded for a new trial. On remand, the trial court shall determine whether evidence is presented at the new trial to support justification of the use of force. If so, the jury shall be instructed accordingly.

KATHIANNE KNAUP CRANE, P.J. and KENNETH M. ROMINES, J., concur.

---

**6.** We further note the issue of discipline was raised in voir dire and closing arguments, as well as throughout the trial. During voir dire, the State questioned the jury regarding what reasons they considered physical punishment of a child acceptable, and a panelist asked what was considered abuse and what was considered discipline. During closing arguments, the State and defense counsel argued over whether Defendant's action was reasonable discipline.